| 98 | 537 |
| 103 | 609 |

KIMBROUGH BROS. *v.* J. K. ORR SHOE CO. *et al.*

1. It is competent for the plaintiff in a garnishment proceeding based upon a pending suit to file, in connection with and in aid of the same, an appropriate equitable petition for the purpose of subjecting to the payment of his claim against his debtor any surplus which may be left of the proceeds of personal property previously pledged by the debtor to another creditor, after the debt due to the latter has been satisfied.

2. When in such case it appeared that the property so pledged consisted of stock in incorporated companies, that the debt thereby secured was past due, that the common debtor was insolvent, and that the creditor secured by the collaterals, he

being the garnishee, consented to the sale of the stock, the judge of the superior court, in the exercise of his equity juris-diction, was authorized, at the term at which the garnishee had been required to answer and at which his answer had in fact been filed, to appoint a receiver of the property and order its sale for the purpose of paying the debt due the garnishee and impounding the surplus to await the result of the plaintiff's original action against the debtor. That the receiver was in the order denominated " commissioner " is immaterial.

3. While the better practice would have been to serve the debtor with a copy of the equitable petition and give him notice of the hearing thereof, yet where it was heard and determined with-out such service and notice, and during the same term he ap-peared and moved to set aside the order which had been passed, the failure to serve him in the first instance was not fatal, and as his motion to set aside showed no valid reason for rescinding the order, it will be permitted to stand, the more especially when it appears that his attorneys of record were present when it was passed and made no objection.

June 8, 1896. By two Justices. Argued at the last term.

Garnishment.    Before Judge Butt.    Muscogee superior court.    May term, 1895.

*J. H. Worrill* and *C. J. Thornton*, for plaintiffs in error.
*Brannon, Hatcher & Martin* and *C. E. Battle*, contra.

SIMMONS, Chief Justice.

1, 2. The J. K. Orr Shoe Company sued Kimbrough Brothers in Talbot county, and had process of garnishment issued and served on the Fourth National Bank of Colum-bus. The bank answered, and in its answer stated that Kimbrough Brothers were indebted to it $2,000, besides interest, on a promissory note, and that it held as collateral security certain stocks in several incorporated companies. The plaintiff filed what it called an equitable traverse, in which it alleged that the collateral held by the bank was more than sufficient to pay the debt of the defendant to the bank, the same being worth between $3,000 and $4,000, and prayed that the court pass an interlocutory order ap-pointing a commissioner to take charge of and sell the stock held by the bank and apply the proceeds of the sale first

to the payment of the indebtedness to the bank, and hold the balance of the money until the determination of the suit which the bank had brought against Kimbrough Brothers. The court granted the order prayed for, and appointed the president of the bank as commissioner to sell the stock, with direction to pay from the proceeds the debt to the bank and costs of suit, and to hold the balance until the litigation should be disposed of. Kimbrough Brothers moved to set aside the order, on various grounds which are set out in the record; the motion was overruled, and to this ruling they excepted.

Under the law of this State, the superior court has both legal and equitable jurisdiction, and can administer both legal and equitable remedies in the same case. It was therefore within its jurisdiction, under the facts of this case, to grant the plaintiff in the garnishment proceeding the equitable relief prayed for. The bank held collateral more than sufficient to pay its debt; Kimbrough Brothers, who had pledged the collateral to the bank, were insolvent. If the bank had sold the collateral and there had been a balance, it would have belonged to Kimbrough Brothers, and without some judicial interference the bank would have had a right to pay that balance to them. While perhaps the bank would have had a right to sell the collateral on the terms agreed upon with the pledgors, if any had been agreed on, yet it did not object to this proceeding, but consented thereto. The court therefore did not err in appointing a receiver and ordering him to sell the property and impound the surplus to await the result of the plaintiff's action against Kimbrough Brothers. That the order denominated the receiver as "commissioner" is immaterial.

3. One of the grounds of the motion to set aside the order was, that Kimbrough Brothers had not been served with notice of the application. When one of the parties to a pending case applies for any special order therein, it is the better practice to give the other side notice of the appli-

cation; yet where such an application is made in open court, and all the parties are in court, either personally or by counsel, and no objection is then made and the court grants the order, it is a valid one unless the party who was not served can show a good reason why it should be set aside. Here was a case against Kimbrough Brothers and a garnishment issued thereon against the bank, and the bank answered within the time in which it was by law required to answer. The plaintiff had a right to traverse the answer without any notice to the defendant, and could apply for equitable relief on this traverse, if it needed such relief, and the court could grant it. When the court passed the order which it was subsequently sought to set aside, the defendants' attorneys were present and made no objection. This being so, and no valid reason being shown for rescinding the order, this court will not reverse the trial court for refusing to set it aside.      *Judgment affirmed.*