GUNN *v.* GUNN.

1. Where an equitable petition filed by the plaintiff in fi. fa. in aid of her garnishment proceedings, after the answer of the garnishee had been made, was duly served on the defendant and had fulfilled its office by bringing into court the money collected on a chose in action held up by the garnishment, the case was in order for trial at the following term of the court, although by the prayer for process it was made the appearance term of the ancillary petition.

2. The court did not err, upon the trial of the case in its order at such term, in directing that the fund thus raised be applied to the costs of the proceeding and to plaintiff's judgment, over the objection of counsel for the defendant in fi. fa., no reason being given why the money was not subject to the plaintiff's demand.

Argued February 4, — Decided March 22, 1898.

Garnishment, etc. Before Judge Felton. Bibb superior court. April term, 1897.

Upon a judgment in favor of Hattie A. Gunn against U. M. Gunn, process of garnishment was sued out and summons served upon Hill, Harris & Birch, who answered that they were not indebted, but that as attorneys for U. M. Gunn they had in their hands for collection a certain note and mortgage payable to U. M. Gunn and H. A. Gunn, guardian for Julia

Gunn. Subsequently the garnishees, by an amendment to· their answer, alleged that the note and mortgage were no longer in their control, their employment as attorneys for U. M. Gunn having terminated by mutual agreement; and they moved that they be discharged from the garnishment. The court thereupon passed an order discharging the garnishees. On March 9, 1897, pending the motion to discharge the gar-- nishees, the plaintiff filed, in aid of the garnishment proceed- ing, an equitable petition (which was duly served) setting out, in substance, the facts above stated, and alleging, that U. M. Gunn was insolvent, and that his interest in the note and mort-- gage was practically the only asset owned by him which plain- tiff could subject to the payment of the judgment debt; and that if the note and mortgage were relieved from the operation of the garnishment, U. M. Gunn and the legal representative of the party indebted thereon intended to compromise and set- tle the interest of U. M. Gunn therein; and petitioner prayed for the appointment of a receiver to take charge of the note· and mortgage and collect the same, that defendant be enjoined from collecting the amount due thereon, and that the pro- ceeds of the note and mortgage when collected be applied as a payment upon the judgment against U. M. Gunn. The court thereupon passed an order restraining the defendant from dis- posing of the note and mortgage until the further order of the· court, and requiring him to show cause why a receiver should not be appointed; the order reciting that all rights of plaintiff against the note and mortgage, obtained by reason of the gar-- nishment, were preserved.

After the discharge of the garnishees, the plaintiff and the· defendant, in order to avoid a receivership, entered into an agreement by which funds arising from the note were deposited in court. $1,464 was thus deposited, and is now in the custody of the court. On June 10, 1897, the plaintiff amended her petition by setting out that this fund was in court, and pray- ing that it be applied to her judgment against the defendant. Subsequently, at the April term, 1897, upon the call of the garnishment case upon the motion docket, no answer or demurrer to the plaintiff's petition having been filed, the court

passed an order stating that, it appearing that there was in the hands of the clerk of the court the sum of $1,464 raised by virtue of the garnishment, and paid into court by virtue of an order under said ancillary petition, and no legal reason appearing why this money should not be applied to the plaintiff's fi. fa., it was ordered that the clerk, after paying out of the funds in his hands the costs of the proceeding, pay the balance to the plaintiff, and that it be applied as a credit upon the fi. fa. To this the defendant excepted. At the time the judgment complained of was rendered, counsel for the defendant was present and objected to its being entered at that time, on the ground that there was no pleading then in court to authorize the same; and upon this ground it is alleged that the court erred therein.

*Guerry & Hall*, for plaintiff in error.    *L. D. Moore*, contra.

LEWIS, J. There can be no question that where a remedy at law is not sufficiently adequate to secure the rights of a creditor who is seeking by garnishment to subject a fund to his debt, he has the right to file, in aid of the statutory proceedings, a petition praying for equitable relief. *Kimbrough* v. *Orr Shoe Co.*, 98 *Ga.* 537. Indeed, the right to the relief sought by the ancillary petition in this case was not denied. The effect of filing such a petition is not necessarily to postpone the trial of the case to the second term of the court following the filing of the petition. Should an equitable petition be filed, for instance, in aid of a levy or claim, the entire case made by such petition and the proceedings at law would be triable at the first term, unless the pleadings set up some matter requiring a postponement. The term at which a case is in order for trial must be governed by the law applicable to the return of the original proceeding in court. So far as the time for trial is concerned, an ancillary petition in aid of the original suit is nothing more in effect than an amendment to the original cause of action. In this case the equitable petition had fulfilled its office by bringing into court the fund sought to be subjected to plaintiff's debt. It is true the money was paid to the clerk of the court by consent of the parties, but this consent was had

after the appointment of a receiver, whose duty it was to collect the fund and hold the same subject to the order of the court; and the effect of the agreement was simply to substitute the clerk for such receiver in order to save expense.   The fact that the petition prayed for process can not change the rule.   Such a prayer was really unnecessary, and did not convert the entire case into an original proceeding returnable to the next term and triable at the second term of the court.   When, therefore, the case was called in its order for trial at the first term of the court after the garnishee had made his answer, there being no traverse to the same and no reason assigned for a continuance, there was manifestly no error in finally determining the issues involved.

The only objection to the granting of the order complained of in this case was, that "there was no pleading then in court to authorize the same."   The amendment to the petition especially prayed that the fund in court be applied to plaintiff's judgment against the defendant.   There was no demurrer to the petition, no answer filed thereto, and no reason urged why the fund was not subject to the judgment and should not be directly applied to its payment.   In the case of *Kimbrough* v. *Orr Shoe Co.*, above cited, the petition in aid of the garnishment proceedings was never served upon the debtor, and he was not given notice of the hearing.   He was present in court when the judgment was passed, and afterwards moved to vacate the order.   Notwithstanding the irregularity in the failure to serve, this court held that, no valid reason being shown for rescinding the order, the court below did not err in refusing to set it aside.

*Judgment affirmed.   All the Justices concurring.*