CASTELLOW *v.* BROWN *et al*

1. This court will not consider an exception to the refusal of an amendment by the court below, where the amendment offered is neither set out in the bill of exceptions nor made an exhibit thereto.
2. When a deed to land is made for fraudulent purposes, neither the grantor therein nor his privies in estate can invoke the aid of the law to set the instrument aside and recover the land ; and this is so though the deed was entirely without consideration and the grantor remained in possession of the land until his death.

Argued January 16,—Decided February 12, 1904.

Complaint for land.    Before Judge Littlejohn.    Lee superior court.    May 5, 1903.

*J. R. Williams* and *Shipp & Sheppard,* for plaintiff.

*D. H. Pope & Son,* for defendants.

CANDLER, J.    This was an action of complaint for land, a general demurrer to which was sustained in the court below.    The plaintiff, besides excepting to the sustaining of the demurrer, also

assigns error upon the refusal of the court to allow an amendment to her petition; but as the amendment was not set out in the bill of exceptions, and, being no part of the record, could not properly be brought up in the transcript, we can not consider this assignment of error.    *Moore* v. *Guyton*, 110 *Ga.* 330, and cit.    From the petition it appears that the plaintiff's father, Whitsett, at a date not definitely set out, made a deed to the land in dispute to his brother-in-law, Clegg, the sole purpose of the conveyance being to keep the land from being subjected to a judgment for alimony in an action then pending against Whitsett by his wife.    The deed was entirely without consideration, and Whitsett remained in possession of the land until his death, at which time the plaintiff was a child.    Clegg knew that the deed was fraudulent and void, and was a party to the fraud.    Subsequently to the death of Whitsett, Clegg died, and his executrix sold the property to one of the defendants.    An amendment to the petition, which was allowed, set up that Clegg took advantage of his relationship to Whitsett and the very great influence which he exercised over him, and persuaded him to separate from his wife, " and immediately upon the separation he began to work upon the fears of the said John T. Whitsett, and as said John T. Whitsett was young and inexperienced and had no one else to advise with him, the said V. A. Clegg finally accomplished his desire, and upon his assurance that everything would be all right, and that as soon as any trouble that might arise on account of the contemplated divorce proceedings was ended the property would be reconveyed to him, said John T. Whitsett, being entirely under the influence of said V. A. Clegg, deeded the property [in dispute] to said V. A. Clegg."

We are clear that the petition set out no cause of action and was properly dismissed on demurrer.    The plaintiff sues as the heir of her father, and to sustain her action she must make such a case as would entitle him to recover the land if he were in life. The petition itself shows that the deed from Whitsett to Clegg was a fraudulent transaction the purpose of which was to defeat a possible judgment against Whitsett.    It is not made to appear that Whitsett was of unsound mind, or that such duress or influence was exerted upon him as to render the deed not his voluntary act.    It is a fundamental principle of law that courts will not lend their aid to relieve a man from the consequences of his

own fraudulent act.    In a suit involving fraud, where the parties are in pari delicto, the policy of the law is to keep hands off and leave the litigants where it finds them.    This subject was treated fully in the case of *Parrott* v. *Baker*, 82 *Ga.* 365, which has been cited approvingly many times and which is closely analogous to the case under consideration.    Counsel for the plaintiff, however, seek to differentiate the present case from the line of authorities announcing the principle to which we have referred, on the idea that, under the allegations of the petition in this case, there was not only an entire lack of consideration for the deed, but the grantor remained in possession of the land up to the time of his death; and several Georgia cases are cited in support of the contention that, for the reason stated, this case does not come within the. rule.    The cases cited, in our opinion, do not sustain this view.    We are at a loss to understand how, as a matter of reason, the fact that an executed contract, admittedly fraudulent, was without consideration can affect the rule, that, the parties being in pari delicto, the law will not relieve against its operation.    The same may be said of the possession of the grantor, except that, as was held in *Harrison* v. *Hatcher*, 44 *Ga.* 638, if he had been sued in ejectment by the grantee, he might have defended by showing that the deed was fraudulent.    This is in entire harmony with the rule laid down in *Parrott* v. *Baker*, supra, and with the general scheme of the law that the machinery of the courts will not be used to aid in the consummation of a fraudulent design.    In this case, after the death of Whitsett possession of the land went into other hands; and his heir and privy in estate can not now come into court and obtain relief against his fraud.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*