## THOMPSON *v.* THOMPSON.

1. An administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of no fraud, and the property is exposed for sale in the ordinary mode and under circumstances to command the best price. *Arnold* v. *Arnold*, 154 *Ga.* 195 (113 S. E. 798).

2. Where there were several heirs having an interest in the property sold, and all of them, including the administrator, except one, were purchasers at the sale, and the property sold was knocked down to a third person who bid in the property for the heirs, the one not participating in the sale nor in the profits arising from the purchase at less than the value of the property may maintain a suit in equity to have the sale set aside on the ground of fraud, where the property was knocked down for an inadequate price and bidding at the sale was chilled by the heirs, or one of them, who became purchasers, or by a third person acting for the heirs or one of them.

3. While the husband of one of the heirs purchasing the property did not have an interest in the same, nevertheless because of his relationship to one of the heirs it was competent to show that he did make statements to third persons who were there for the purpose of bidding on the property, tending to chill the bidding and to cause the property to be sold for less than its real value. It was not necessary to show that the husband of one of the heirs referred to was authorized as agent by his wife or by one of the other purchasing heirs to make the statements that tended to chill the bidding. The fact that the relationship of husband and wife existed between him and one of the heirs securing an advantage at the sale would be sufficient to authorize a jury to consider what he did in passing upon the question as to whether the sale was fair and free from fraud; and the court erred in excluding evidence tending to show that the husband of the heir referred to stated to prospective bidders that the heirs desired to buy in the property and desired to get it cheap and then divide the same.

No. 3941. JANUARY 22, 1924.

Equitable petition. Before Judge Hodges. Madison superior court. July 24, 1923.

*Gordon & Gordon* and *Horace & Frank Holden,* for plaintiffs.

*Berry T. Moseley,* for defendants.

BECK, P. J. Odell Thompson, as administrator on the estate of his father, W. T. Thompson, sold a certain tract of land belonging to the estate of his intestate. The heirs of the intestate were

seven children, including Odell Thompson, the administrator. Obe Thompson, one of the heirs, died, leaving a widow and three children, who inherited a one-seventh interest in the estate of W. T. Thompson, the share of Obe Thompson in his father's estate. Other heirs of the estate, including the administrator, had the land bid in at the administrator's sale. After the sale, Mrs. Obe Thompson, for herself and as next friend of her children, brought her equitable petition to have the sale set aside, on the ground of fraud and inadequacy of the price at which the land was knocked down to the bidder. The land sold for $15 per acre. It is alleged to have been worth $35 per acre. There was testimony to show that it was worth $20 per acre. The plaintiff offered to prove that Will White, the husband of one of the female heirs and one of the joint defendants, went to certain prospective bidders who were at the sale, and told them that the heirs desired to bid in the property and to buy it cheap and divide it among themselves. The court excluded this evidence, on the ground that Will White, shown to be the husband of one of the defendant heirs, had not been shown to be an agent of his wife or of any of the heirs participating in the sale. At the conclusion of the evidence the court granted a judgment of nonsuit, which is excepted to; and the ruling excluding the evidence is also excepted to.

The evidence should have been admitted. While the evidence was insufficient to establish that White was the agent of his wife, nevertheless the marital relationship existing between White and one of the heirs was material to be considered by the jury in passing upon the question of fraud alleged to have existed in the sale. Mrs. White was a participant in the profits of the sale, if the land was bought, as alleged, at less than its value. The fact that the husband was active in bringing about the result that secured to her these profits cannot be ignored in passing upon the question as to whether or not he was acting for his wife. Transactions between husband and wife should be scanned with care. The plaintiff in this case and her children were excluded from the profits made by the purchasers at the administrator's sale. Mrs. White, one of the heirs and defendants, will share in the profits in case the sale should not be set aside. Under the facts and circumstances proved, we think the jury should have been allowed to pass upon the question as to whether the sale was fair and legal, or whether it was

affected by the fraud upon the part of the husband of one of the heirs whose statements to prospective purchasers tended to chill the bidding.

Upon the subject of fairness and illegality and invalidity of sales by administrators, see the following authorities: *Sikes* v. *Sikes*, 153 *Ga.* 725 (113 S. E. 416, 24 A. L. R. 1324); *Smith* v. *Georgia Loan & Trust Co.*, 114 *Ga.* 189 (39 S. E. 846); *Barnes* v. *Mays*, 88 *Ga.* 696 (16 S. E. 67); *Holbert* v. *Allred*, 24 *Ga. App.* 727 (102 S. E. 192); 24 Cyc. 28. In the case of *Lowery* v. *Idleson*, 117 *Ga.* 778 (45 S. E. 51), it was said: "A purchase by a husband at a sale had by his wife as administratrix is voidable at the election of heirs of the intestate, who move within a reasonable time after the sale to set the same aside." And in the course of the opinion it was said: "It is hardly possible for a wife to make an advantageous contract of any kind without more or less benefit therefrom resulting to the husband." While the husband in the present case, who it is alleged made misrepresentations tending to chill the bidding, did not have a legal interest in the property, he did have such a general interest in the matter as would render his acts and doings material for the consideration of the jury in passing upon the issue involved in this case. In the case of *Fairburn Banking Co.* v. *Summerlin*, 144 *Ga.* 31 (85 S. E. 1007), it was said: "The mere fact that the purchaser at an administrator's sale was the son of the administrator was not of itself sufficient to render the sale void. Such relationship was a circumstance which could be considered, in connection with other facts and circumstances, in determining whether the sale was collusive and fraudulent. Cain *v.* McGeenty, 41 Minn. 194 (42 N. W. 933)." The relationship between a son and his father is hardly as close as that between a husband and wife; but the relationship of son to father, as ruled in the case last cited, was permitted to go in evidence to the jury in passing upon the question whether the sale by the administrator to his son was void for fraud. Evidently it was the opinion of the court, that, while the father had no interest in the property of the son, their general interest in each other's welfare and property was such that the jury could consider that relationship in passing upon the question as to whether the sale of the property by the father as administrator to the son was void on the ground of fraud. *Judgment reversed. All the Justices concur.*