## BRYSON, administrator, *v.* MIRAGLIA.

ATKINSON, J. 1. When this case was before the Supreme Court on a former occasion (*Miraglia* v. *Bryson*, 152 *Ga.* 828, 111 S. E. 655), on exception to a judgment reinstating the case after it had been dismissed at a prior term of court, the judgment of the trial court was affirmed, and in the fifth division it was said: "This court will not pass upon the question whether the plaintiff's petition set out a good cause of action, and hold that the court should have denied the motion to reinstate because no such action was therein set out, as this matter was not passed upon by the court below." *Held*, that this judgment is not conclusive, as now contended by the plaintiff in the trial court, as to the sufficiency of the allegations of the petition to set forth a cause of action.

2. The action was instituted by Gertrude Bryson in her individual capacity, for specific performance of her alleged individual contract relating to conveyance of land. After her death the administrator upon her estate, who was not trustee for the child, proposed to amend the petition by alleging that the contract sued upon was the contract of the child of the deceased plaintiff, and praying for a decree declaring the title to be in the child, and that the defendant be required to account to the child for rents, issues, and profits. *Held*, that the amendment did not allege a cause of action in the plaintiff, and was not germane to the original petition, and was properly disallowed.

3. The agreement alleged in the original petition was an effort upon the part of Gertrude Bryson, who was trustee for her minor child, to suffer land owned jointly by Gertrude Bryson as trustee for such child, and by her individually and by her husband, to be sold at sheriff's sale under a fi. fa. against all three of the persons named, at which the plaintiff in fi. fa. should buy in the property for her and thereafter should convey the land to her individually upon her assuming the debt and executing a mortgage on the property, payable at an extended date, the only consideration of such agreement being that Gertrude Bryson would not institute a suit which she had employed an attorney to institute to enjoin the sheriff's sale. *Held:* "When both parties are at fault, and equally so, equity will not interfere, but leaves them where. it finds them. The rule is otherwise if the fault of one overbalances, decidedly, that of the other." Civil Code (1910), § 4534; *Castellow* v. *Brown*, 119 *Ga.* 461 (2) (46 S. E. 632); *Deen* v. *Williams*, 128 *Ga.* 265 (4) (57 S. E. 427).

(*a*) The above-stated principle is applicable to the case under consideration. The unexplained allegations as to the agreement by which the trustee would acquire title to the whole property import a fraudulent scheme between the parties, which in part was to enable the trustee to acquire the property of her cestui que trust. The effect of the allegations was to charge that both parties were equally at fault. In such circumstances equity will not afford the plaintiff relief by a decree for specific performance requiring the defendant to execute a deed in accordance with the terms of the fraudulent contract. The case is not brought within the ruling as stated in *Arnold* v. *Arnold*, 154 *Ga.* 195 (113 S. E. 798), and again applied in *Thompson* v. *Thompson*, 157 *Ga.*

377 (121 S. E. 225), that "An administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of no fraud, and the property is exposed for sale in the ordinary mode and under circumstances to command the best price."

(b) It becomes unnecessary to rule upon the question of whether the parol agreement to convey the land was void as opposed to the statute of frauds.

4. Applying the principles stated in the preceding notes, the judge did not err in rejecting the proposed amendment, and in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 3928. SEPTEMBER 4, 1924.

Specific performance. Before Judge Malcolm D. Jones. Bibb superior court. July 14, 1923.

In a suit upon certain promissory notes, brought to the January term, 1918, of the city court of Macon, Ed. Miraglia recovered a judgment against Gertrude Bryson individually, and against her as trustee of her daughter Johnnie Eva, and against her husband John J. Bryson, for $400, besides interest and attorney's fees. Execution was duly issued and levied on described land "as the property of the defendants" in fi. fa. and the property was advertised for sale. Gertrude Bryson employed an attorney to institute a suit to enjoin the sale. The suit was not instituted, because, on the day of sale and prior to the time of sale, Ed. Miraglia "agreed with" the attorney that if Gertrude Bryson would not file the suit, he would buy in the property at the sale for her, and would convey it to her after the sale, upon her executing to him a mortgage on the property, "due three years from the date of said sale," for the amount of principal, interest, attorney's fees, and costs due under the fi. fa., with interest at the rate of eight per cent. payable semi-annually. In pursuance of the agreement institution of the suit was withheld, and the sale took place. Miraglia became the purchaser at the price of $662, which sum was paid into court. The costs amounting to $41.55 were deducted by the clerk, and the balance was paid over to Miraglia on his fi. fa. Thereafter Gertrude Bryson offered to execute the mortgage to Miraglia according to the terms of the agreement above mentioned, and demanded a deed. The offer and demand were refused; and on June 25, 1918, Gertrude Bryson brought suit against Miraglia. The petition alleged all that is stated above, and contained the prayers: (a) for process; (b) that defendant

43

be required to specifically perform the contract; (c) for general relief. The defendant filed a demurrer to the petition, July 12, 1918, on the grounds: (1) that the petition failed to allege a cause of action; (2) that no consideration for the agreement was alleged; (3) that the agreement by the attorney was insufficient as a basis for a consideration; (4) that the petition failed to allege that the agreement was in writing. On July 14, 1923, Coleman Bryson, as administrator of the estate of Gertrude Bryson, offered an amendment to the petition, alleging substantially the following: Shortly after the suit was filed and prior to January 15, 1919, Gertrude Bryson died, and on April 29, 1919, the case was dismissed for want of a party plaintiff. On October 5, 1920, application was made by the administrator to reinstate the case. Notice was duly served on Miraglia, and he resisted the application upon all the grounds which had been taken in his demurrer to the petition, and on the further grounds that the alleged contract, even if it had been in writing, was void as contrary to public policy, because it would be in fraud of the cestui que trust. The judge reinstated the case over the objections. To this judgment Miraglia filed his bill of exceptions, but neglected to assign error "raising a question as to whether or not the petition set forth a cause of action." The judgment of the trial court was affirmed. By reason of the foregoing it has become conclusively established as the law of the case that the original petition is not subject to general demurrer. Other allegations were, that in all the transactions involved in the alleged agreement Gertrude Bryson acted for and in behalf of "the said Johnnie Eva," who was the holder of the equitable title at the time of the agreement. It was the intent and agreement that title to the property should be reconveyed by Miraglia as it was before the sale, subject only to a security deed in favor of Miraglia for the amount of principal, interest, cost, and attorney's fees as alleged in the original petition. In bidding at the sale Miraglia acted solely "under said agreement and as agent of plaintiff." Miraglia when called upon refused to carry out the agreement, solely upon the grounds that he did not make the agreement, and, if he did, it was not binding, because it was not reduced to writing. Defendant has been in possession of the land since October 5, 1918, receiving the rents, issues, and profits of the reasonable value of $25 per month. The value of the realty

has at all times been at least $2500. "Possession of said property was not changed as a result of said sale, said Gertrude Bryson remaining in possession until the date of her death, and the said Miraglia taking possession of said property without authority or right after the death of the said Gertrude." Miraglia refuses to account and to adjust any difference between the rents, issues, and profits and the indebtedness covered by "said security deed," on the sole grounds that "he was not bound by any contract in connection therewith, and that he was the sole and exclusive owner of said property in his own right." Other allegations were that the injunction proceeding referred to in the original petition "represented a bona fide dispute between the parties as to the validity of the mortgage foreclosed by the said Ed. Miraglia and the agreement hereinbefore referred to." Other matters of amendment proposed to strike the prayer for specific performance as contained in the original petition, and to pray that defendant come to an accounting, for the use and benefit of Johnnie Eva; that he be required to execute a deed to her or to her guardian or trustee, conveying the absolute fee-simple title to the land, and that the indebtedness to Miraglia, if any, be fixed and declared a special lien on the land, or that plaintiff have judgment against Miraglia for any excess that he might owe on account of rents, issues, and profits received from the land. On specific objections to the proposed amendment it was disallowed. Thereafter and on the same day the case was heard on the demurrer to the original petition. On that hearing counsel for plaintiff stated in open court that the alleged agreement "was in parol and not in writing." After argument the court sustained the demurrer on all grounds and dismissed the petition. The plaintiff excepted, assigning error on the rejection of the proposed amendment, and on the sustaining of the demurrer.

*Walter DeFore* and *James C. Estes,* for plaintiff.

*Strozier & Deaver,* for defendant.