HEAD, guardian *v.* SCRUGGS, administratrix, *et al.*

ATKINSON, J. 1. "A purchase by a husband at a sale had by his wife as administratrix is voidable at the election of heirs of the intestate, who move within a reasonable time after the sale to set the same aside." *Lowery* v. *Idleson,* 117 *Ga.* 778 (2) (45 S. E. 51); *Broadhurst* v. *Hill,* 137 *Ga.* 833 (3) (74 S. E. 422); *DeVaughn* v. *Griffith,* 149 *Ga.* 697 (101 S. E. 794). *Moore* v. *Carey,* 116 *Ga.* 28 (42 S. E. 258). This accords with the principle that "an administrator who is an heir at law of his intestate, and as such has an interest in the property sold, may purchase at the sale of the property of the estate, provided he is guilty of

no fraud, and the property is exposed for sale in the ordinary mode and under circumstances to command the best price," as ruled in *Arnold* v. *Arnold*, 154 *Ga.* 195 (2) (113 S. E. 798); *Thompson* v. *Thompson*, 157 *Ga.* 377 (121 S. E. 225); *Bryson* v. *Miraglia*, 158 *Ga.* 672 (124 S. E. 167); *Robinson* v. *Smith*, 159 *Ga.* 269 (5) (125 S. E. 593), and recognized in *Fairburn Banking Co.* v. *Summerlin*, 144 *Ga.* 31 (85 S. E. 1007). The rule is not different where the wife has an interest in the property as heir at law, if at the sale the property is knocked off to the husband as the highest bidder and a deed is executed to him by the administratrix without full payment of the amount of the bid.

2. Where property of an estate of a deceased person is sold by a married woman as administratrix and a deed is executed to her husband as purchaser under circumstances indicated in the preceding division, a third person making a loan to the husband with notice of the relationship between the parties, for the purpose of enabling the husband to pay a part of the purchase-price, taking as security for his loan a deed from the husband conveying the property described in the administrator's deed, will, as against other heirs at law, stand in no better position than the husband, and his title to the property will be voidable at the election of such other heirs, if exercised within a reasonable time after the administrator's sale.

3. If heirs of the intestate other than the administratrix are minors having a guardian, and they receive from the administratrix funds as part of their distributive share of the proceeds of the sale of the property, they may within a reasonable time after the sale tender the amount back to the administratrix, and will not be estopped, on account of having received such funds, from attacking validity of the sale. *Groover* v. *King*, 46 *Ga.* 101; *Wilkins* v. *McGehee*, 86 *Ga.* 764, 772 (13 S. E. 84); *Moore* v. *Carey*, supra; *Bailey* v. *Layfield*, 157 *Ga.* 546 (5) (122 S. E. 193).

4. The guardian in his representative capacity would have authority to attack validity of the administrator's sale; and also, having received a portion of the distributive shares of his wards, to call the administratrix to a final accounting before the ordinary, and to sue the administratrix and her bondsmen for any balance found by the ordinary to be due his wards. *Social Benevolent Society* v. *Holmes*, 127 *Ga.* 586 (4) (56 S. E. 775); *Wash* v. *Wash*, 145 *Ga.* 405 (3) (89 S. E. 364); 28 C. J. 1123, §§ 204, 205, 208.

5. The guardian having such authority as indicated in the preceding division, if after the sale by the administratrix to her husband and receipt of funds arising from such sale as part of the distributive shares of his wards, the guardian, having all the time actual notice of the relation of husband and wife between the administratrix and the purchaser and of the facts of such sale and conveyance to the husband without payment of the purchase-price, cites the administratrix before the ordinary for a final accounting, and in such accounting, after giving credit to the administratrix, for the funds he had received, obtains a finding for a balance in a stated amount, and thereafter institutes suit in the superior court against the administratrix and her bondsmen for the amount found due on the final accounting, and obtains a judgment for

such amount against the defendants, such action upon the part of the guardian will amount to an election binding upon him and his wards to affirm the sale, and will bar him thereafter from attacking validity of the sale upon tendering back to the administratrix the amount he had received. Civil Code, § 4609; *Battle* v. *Wright,* 116 *Ga.* 218 (42 S. E. 347); *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156 (5-6) (57 S. E. 359).

6. Under application to the pleadings and evidence of the principle just stated, the verdict for the defendant was demanded, and none of the grounds of the motion for a new trial require a reversal of the judgment refusing a new trial.     *Judgment affirmed. All the Justices concur.*

No. 9470. FEBRUARY 14, 1934.

*M. L. Harris* and *McClure & McClure,* for plaintiff.
*James H. Anderson* and *William E. Mann,* for defendants.