BENNETT *et al. v.* BLACKSHEAR MANUFACTURING CO.

No. 11531. OCTOBER 16, 1936.

242

*C. A. Williams,* for plaintiffs in error.

*Memory & Memory* and *Wilson, Bennett & Pedrick,* contra.

GILBERT, Justice. The sole issue to be decided is whether or not the superior court of Ware County has jurisdiction to grant the

equitable relief sought by the Blackshear Manufacturing Company. The judgment debtor and his assignees, the plaintiffs in error, do not contend that there is any lack of jurisdiction in that court to determine other issues involved in the garnishment proceedings containing the traverse to the garnishee's answer. The Code, § 46-603, and the case of *Durden* v. *Belt,* 61 *Ga.* 545, 548, seem to settle the question that the court has jurisdiction to try the issues other than those dependent upon equitable relief. Has it jurisdiction to afford the equitable relief sought?

The State constitution, art. 6, sec. 16, par. 3 (Code, § 2-4303), declares: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." In *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 637 (53 S. E. 193), the court said: "The test for determining the venue of an equitable action in this State is not made to depend merely on the technical name given to the parties defendant." Then follows in that opinion a "history of the present law on that subject." That is followed by an analysis of numerous decisions of this court, beginning with *Gilbert* v. *Thomas,* 3 *Ga.* 575, 581. It is important to notice at this stage of the discussion that the essential fact necessary to confer jurisdiction in a county is not that the defendant residing therein shall have an interest, or a substantial interest. It is that *substantial relief* shall be prayed against such defendant. If substantial relief is prayed against a defendant residing in the county in which an equity case is brought, the equity case "shall be tried" there. If no substantial relief is prayed against such defendant, the court is without jurisdiction of the non-resident defendants contesting the jurisdiction. In *Gunn* v. *Gunn,* 103 *Ga.* 607, 609 (30 S. E. 541), it was said: "There can be no question that where a remedy at law is not sufficiently adequate to secure the rights of a creditor who is seeking by garnishment to subject a fund to his debt, he has the right to file, in aid of the statutory proceedings, a petition praying for equitable relief. *Kimbrough* v. *Orr Shoe Co.,* 98 *Ga.* 537 [25 S. E. 576]." In the *Gunn* case the judgment was rendered and the garnishee was served in the County of Bibb. In the *Kimbrough* case cited in the *Gunn* case, the facts as to residence of parties were like those in the present case. The judgment creditor was a Fulton County corporation, the debtor resided in Talbot County, and the garnishee

was a national bank domiciled in Muscogee County. The relief sought against the garnishee was equitable, and in principle can not be distinguished from the equitable relief sought in this case. The question of jurisdiction was not raised; and hence the case affords only a physical precedent.

We have now stated the case for the defendant in error as strongly as we can see it. There is no doubt about the basic law that controls. It is on application of the law that a difference arises. Does the judgment creditor seek substantial relief against the garnishee? We must hold that it does not. The relief sought against the garnishee is only ancillary and incidental. The garnishee is indifferent as to the interests of the creditor and debtor. It stands ready to pay that party entitled to it under the law. In principle the question is controlled by the cases of *Bishop* v. *Brown*, 138 *Ga.* 771 (2-4) (76 S. E. 89), and *Martin* v. *Gaissert*, 134 *Ga.* 34 (2) (67 S. E. 536).

*Judgment reversed. All the Justices concur, except Atkinson, J., absent because of illness.*