BANK OF TIFTON *v.* BRYAN, administratrix, *et al.*

No. 14290. OCTOBER 14, 1942.

*John Henry Poole,* for plaintiff.

*S. F. Mitchell* and *C. A. Christian,* for defendants.

GRICE, Justice. ■ Aside from the one for process, the prayers are that the sale and the deed executed by the administratrix to herself be declared void; that the property be again offered for sale; and that the arbitration proceedings, including the award and judgment based thereon, be declared void. There is no allegation that the land brought less than its value, or that the property was not exposed for sale in the ordinary mode and under circumstances

to command the best price; nor are any facts set forth to show that the administratrix was guilty of any fraud in relation to the sale. Without any averment of that kind, it is no ground to have the sale set aside, and the deed thereunder canceled, that the administratrix was the purchaser, when it appears that she was an heir at law. *Arnold* v. *Arnold,* 154 *Ga.* 195 (113 S. E. 798); *Thompson* v. *Thompson,* 157 *Ga.* 377 (121 S. E. 225); *Robinson* v. *Smith,* 159 *Ga.* 269 (5) (125 S. E. 593); *Henderson* v. *Lott,* 163 *Ga.* 326, 332 (136 S. E. 403); *Head* v. *Scruggs,* 178 *Ga.* 324 (173ᐟ S. E. 113).

■ The basis of plaintiff's contention is that it is a creditor of two non-resident and insolvent distributees of the estate of Miss Baker; that the annual return of the administratrix shows that the debts of the estate, together with the expenses of administration, exceed the assets; that the husband of the administratrix presented a claim of fourteen hundred and forty dollars against the estate, and that on the administratrix's petition to the court of ordinary, to have said claim submitted to arbitration, the ordinary consented to an arbitration, and an award allowing the claim was returned and was made the judgment of the court of ordinary and entered on the minutes of the superior court; and that, for various reasons urged, the submission, award, and judgment were void. It is assumed that this contention carries the insistence that, had not said claim been allowed, there would have been funds available for distribution to the heirs, so that plaintiff would benefit by its garnishment against the administratrix, which with the traverse of the answer is pending in Tift superior court. The petition does not allege that the claim is unjust, but merely that it should not have been submitted to arbitration. It is unnecessary to examine the soundess of the position that the arbitration proceedings were void. On the trial of the issue pending in the other case between the bank and the administratrix, on her answer to the garnishment and the traverse, the issue as to the validity of this claim can be made and determined without resort to a separate suit, such as the one now before us. If the plaintiff is in position to attack the proceedings, and an amendment to its pleadings be needed, it is entitled to raise that issue on the trial of the other case.

Under the practice and procedure prevailing in this State, any party in a law case pending in the superior court may by amend-

ment avail himself of equitable remedies in aid of his cause. With proper parties and pleadings before it, the court will administer the appropriate relief, whether legal or equitable. This obviates the necessity of filing a separate suit in equity in aid of the common-law action. *Smith* v. *Dysard Construction Co.*, 15 *Ga. App.* 192 (82 S. E. 761); *McDonald* v. *Redding Lumber Co.*, 43 *Ga. App.* 656 (7) (159 S. E. 888); *Hamilton* v. *First National Bank of Rome*, 180 *Ga.* 820 (180 S. E. 840). In *Kimbrough* v. *Orr Shoe Co.*, 98 *Ga.* 537 (25 S. E. 576), relief was sought by filing in the pending garnishment case what was called an equitable traverse. In *Gunn* v. *Gunn*, 103 *Ga.* 607 (30 S. E. 541), there was not, as here, a demurrer to the petition, and the question whether the creditor should have sought relief in the pending case was not before the court, the only objection to the grant of the order complained of in that case being that "there was no pleading then in court to authorize the same."

In a case like this, the garnishee has the right to insist that this litigation not follow a circuitous route, when a direct one, safe and easy to travel, and one which will serve the plaintiff just as well, is open to him. As between the two, the courts will allow no choice, but will force the suitor to take the latter. Since the matter dealt with in the first division of this opinion showed no right in the plaintiff to have the sale by the administratrix and the deed made pursuant thereto declared void, and since it appears that in an issue now pending in the same court, between the plaintiff bank and the administratrix, the plaintiff can obtain an adjudication of its contentions as to the invalidity of the award and the judgment thereon, the court did not err in sustaining the demurrer and dismissing the action.

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*