## 46841.   LEWIS v. LANIGAN et al.

JORDAN, Presiding Judge. Cooley and Lanigan died as the result of a vehicular collision in Emanuel County. Lanigan was a passenger in an automobile operated by Cooley which collided with a truck owned by Sunnyland Packing Company, which has its principal office in Thomas County. Its servant Becton, a resident of Bibb County, was the driver. Mrs. Lanigan commenced a wrongful death action in Chatham County against Lewis, as the administrator of Cooley's estate, who resides in Chatham County, naming Sunnyland and Becton as codefendants. Lewis appeals the overruling of his motion to make Cooley's father a defendant for the purpose of asserting a wrongful death claim against Sunnyland and Becton. *Held:*

We affirm. While the defendant Lewis asserted CPA § 19 (b) (*Code Ann.* § 81A-119 (b)) as authority for adding Cooley's father as a party defendant, there is nothing in the pleadings to disclose that he ought to be a party "if complete relief is to be accorded between those already parties." The claim which Cooley's father would make is an

independent tort action, and where independent actions are involved, "each tub must stand on its own bottom" in respect to venue requirements. See *Register v. Stone's Independent Oil Distributors*, 227 Ga. 123 (179 SE2d 68), and citations. The venue of the action now pending in Chatham County is supported solely by reason of the fact that the administrator of Cooley's estate is a party defendant, and nothing appears to show that Cooley's father could satisfy venue requirements in Chatham County to support an independent wrongful death action against the other two defendants. See *Richards & Associates v. Studstill*, 212 Ga. 375, 377 (93 SE2d 3); *Stroud v. Doolittle*, 213 Ga. 32 (96 SE2d 876). See also *Code Ann.* § 22-5301. For this reason alone, irrespective of any other reasons for refusing to allow joinder of two independent actions, the trial judge did not err in overruling the motion. The appeal is without merit.

*Judgment affirmed. Deen and Clark, JJ., concur.*
SUBMITTED JANUARY 6, 1972—DECIDED FEBRUARY 8, 1972.

*Falligant, Doremus & Karsman, Stanley M. Karsman,* for appellant.

*Miller, Beckmann & Simpson, Martin Kent, Corish, Smith, Remler & Moore, Malberry Smith, Jr., David S. Bracker, Kennedy & Sognier, Jack Sognier,* for appellees.