## 29375. SUMMIT INSURANCE COMPANY OF NEW YORK et al. v. MULHERIN et al.

HALL, Justice.

This case involves the question of venue as to nonresident co-defendants.

Appellee Suzanne L. Mulherin brought this action in the Superior Court of Richmond County against six defendants, only two of whom are residents of Richmond County. The resident defendants are appellee's husband A. T. Mulherin and his trustee in bankruptcy James E. Slaton. The remaining defendants are Summit Insurance Company of New York ("Summit," a New York corporation with its registered agent in Fulton County); M. A. Studstill (resident of Berrien County); the accounting firm of Meeks, Roberts and Spicer (resident of Irwin County); and the architectural firm of B. G. Sanders and Associates (resident of Fulton County). Summit, Studstill and Meeks, Roberts and Spicer are the appellants herein.

M. A. Studstill and A. T. Mulherin ("builders") entered into contracts as joint adventurers to build three public housing projects in Blackshear, Moultrie and Soperton, Georgia. Summit issued surety bonds on the contracts, and builders agreed to indemnify Summit for any losses it may sustain on the bonds. The indemnification agreement contained an assignment of builders' rights in the construction contracts effective upon, among other things, appointment of a trustee for builders. Summit was also given the right to assume performance of the construction contracts upon builders' delay in performance or upon their insolvency, incompetency or bankruptcy.

Appellee took an assignment of A. T. Mulherin's rights in the joint venture agreement, including his right to 25% of the profits on the construction contracts. Subsequently, A. T. Mulherin filed a petition in bankruptcy. Summit then notified the owners of the various construction projects that it was assuming performance of all contracts and exercising its assignment under the indemnification agreement. Summit hired the accounting firm of Meeks, Roberts and Spicer to supervise disbursements under all the contracts. Summit also advised B. G. Sanders and Associates, the architect and developer of the projects, of its actions.

Appellee then filed a "complaint in equity" against the above-named defendants. The complaint alleged that upon completion of the three construction projects appellee would be entitled to 25% of the profits but that Summit intended to seize her share and apply it to losses sustained as a result of a performance bond it issued on a South Carolina construction contract undertaken by A. T. Mulherin. In its amended answer Summit denied that it had any present intention to seize any monies allegedly belonging to appellee but that it would "avail itself of all legal rights and remedies at law or in equity, if any, to protect itself from any losses or potential losses in connection with the issuance of any surety bonds." A. T. Mulherin's trustee in bankruptcy admitted that he claimed 25% of the profits on A. T. Mulherin's behalf.

Appellee asked for the following relief: (1) that Studstill, B. G. Sanders and Associates, and Meeks,

Roberts and Spicer be enjoined from paying to Summit and the trustee any money arising from the three construction projects; (2) that the defendants pay into the registry of the court a fund representing 25% of the profits on the three projects; (3) that Summit and the trustee be required to set forth in the present action any claims they may have to the fund; (4) that the court decree that the fund is the property of appellee; (5) that Studstill, B. G. Sanders and Associates, and Meeks, Roberts and Spicer make account to the court of the manner of determining the amount of the fund; (6) that Summit, the trustee and A. T. Mulherin be enjoined from receiving any of the fund; (7) that all defendants be permanently enjoined from bringing any actions, legal or equitable, against appellee based upon the subject matter of the complaint; and (8) that all defendants make an accounting as to the fund.

The trial court denied the motions of Summit, Studstill and Meeks, Roberts and Spicer to dismiss for improper venue and for lack of jurisdiction over the person. Based on the verified pleadings, affidavits, and arguments of counsel at the interlocutory hearing, the trial court granted appellee temporary relief essentially in the form prayed for. The defendants Summit, Studstill, and Meeks, Roberts and Spicer appeal from the order denying their motions and granting relief to appellee.

1. Appellee has filed a motion to dismiss the appeal for failure to transmit the record in time and asserts that delay was due solely to appellants' failure to pay costs in the trial court. In response, appellants have submitted several affidavits to this court urging justification for the delay.

Code Ann. § 6-808 (a) provides that where no transcript of the evidence and proceedings is to be sent to the appellate court, the clerk of the lower court shall prepare and transmit the record within 20 days after the date of filing of the notice of appeal. In the present case appellants' notice of appeal was filed in the trial court August 23, 1974. No transcript of the evidence and proceedings is involved. The record was not filed in this court until September 23, 1974, ten days late according to the above statute.

Appellee made no objection in the trial court prior to

transmittal of the record. According to Rule 11 (c) of this court, promulgated March 2, 1972, appellee has therefore waived any objection to delay in transmittal. Rule 11 (c) provides: "Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the appellate practice act relating to the filing of the transcript of the evidence and proceedings or transmission of the record to this court unless objection thereto was made and ruled upon in the trial court prior to transmittal." Accordingly, appellee's motion to dismiss is denied. See *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626 (208 SE2d 449).

2. Only two of the defendants are residents of Richmond County where the action was brought. They are A. T. Mulherin and his trustee in bankruptcy. In order for venue to lie in Richmond County as to appellants (nonresident defendants) substantial equitable relief must be sought against at least one of the two resident defendants. Code Ann. § 2-4903; *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796); *Empire Land Co. v. Stokes,* 212 Ga. 707 (1) (95 SE2d 283); *Screven County v. Reddy,* 208 Ga. 730 (2) (69 SE2d 186); *Ellis v. Farmer,* 119 Ga. 238 (46 SE 105).

There are no allegations in appellee's verified complaint of any past, present or future threatened wrongdoing on the part of either resident defendant. Nor do the affidavits submitted by appellee at the interlocutory hearing show any such wrongdoing. Nothing in the complaint nor affidavits lays any claim to substantial relief, legal or equitable, that appellee may have against her husband A. T. Mulherin. The only possible claim to substantial relief against the trustee is a claim for declaratory judgment with respect to ownership of the fund of profits if and when that fund accrues. Any such declaratory relief would be legal, not equitable, and venue as to the nonresident defendants could not be predicated on Code Ann. § 2-4903. See *Harper v. Gunby,* 215 Ga. 466, 469 (111 SE2d 85). Even though the trustee may set up an equitable defense to appellee's action in the form of allegations and evidence showing a fraudulent conveyance, such a defense would not make appellee's action equitable in nature. "[A]n action not

otherwise equitable is not made so by a plea setting up a purely defensive matter of an equitable nature, in the absence of prayers for some affirmative equitable remedy. This is true even though such answer might call for the application of equitable principles." *Regents of the University System of Georgia v. Carroll,* 203 Ga. 292 (1b) (46 SE2d 496).

Appellee relies on the case of *Huey v. National Bank of Fitzgerald,* 177 Ga. 64 (2) (169 SE 491) in order to establish venue as to the nonresident defendants under Code Ann. § 2-4903. In *Huey* a corporation whose charter had expired gave a security deed to the nonresident defendant bank. The plaintiff, a creditor of the two shareholders of the defunct corporation, brought an action for concellation of the deed in the county where one of the shareholder defendants resided. This court held that the resident defendant's interests would be vitally affected by cancellation of the deed. "In a suit in equity, all persons 'whose rights and interests are sought to be affected are necessary parties . . .'; [cits.] and where they are joined as such defendants, they are parties against whom substantial equitable relief is prayed within the meaning of the rule as to venue in equity cases." *Huey,* pp. 68-69.

In the present case, however, the resident defendants are not necessary parties to appellee's action against the nonresident defendants, even assuming substantial equitable relief is sought against the nonresident defendants. A judgment or decree in favor of appellee as against the nonresident defendants would not affect the rights and interests of the trustee because his claim against appellee would remain intact. If judgment were granted for the nonresident defendants as against appellee, the trustee's claim to the profits fund as against the nonresident defendants would not be affected. The rule in the *Huey* case is therefore inapplicable. In *Reynolds v. Solomon,* 191 Ga. 1, 4 (11 SE2d 201), plaintiff's deceased had assigned a life insurance policy, under which plaintiff was beneficiary, to the nonresident defendant. Plaintiff sued in the defendant insurance company's county of residence to have the assignment canceled. This court held that "the rights of the resident

defendant would have been only incidentally involved by the grant of the relief of cancellation; and therefore with respect to this portion of the suit the insurance company was not a party against whom substantial relief was prayed."

Appellee seeks only temporary injunctive relief against the resident defendants in an effort to preserve the status quo pending resolution of her claim against the nonresident defendants. As such, her prayers for relief against the resident defendants are merely ancillary to her claim against the nonresident defendants and do not render her action equitable in nature. *Reid v. Standard Oil Co. of Kentucky,* 218 Ga. 289 (127 SE2d 678); *Phoenix Assurance Co. v. Glens Falls Ins. Co.,* 215 Ga. 650 (112 SE2d 588); *Findley v. City of Vidalia,* 204 Ga. 279 (49 SE2d 658). Prayers for ancillary equitable relief against a resident defendant do not operate to confer jurisdiction upon nonresidents under Code Ann. § 2-4903. *Empire Land Co. v. Stokes,* 212 Ga. 707, supra; *Bennett v. Blackshear Manufacturing Co.,* 183 Ga. 240 (187 SE 865).

Appellee argues that venue as to the nonresident defendants may be laid under Code § 37-1501 (2) which authorizes equity to entertain a bill of peace to avoid a multiplicity of suits. None of the cases cited by appellee authorized the use of a bill of peace to confer jurisdiction upon nonresidents where venue as to them was not otherwise laid in the forum county. Resort to a bill of peace does not enable a party to circumvent the initial requirement of venue as governed by the constitutional provisions of Code Ann. §§ 2-4901 through 2-4906.

Because appellee does not seek substantial equitable relief against the resident defendants and because they are not necessary parties to an action by appellee against the nonresident defendants, venue as to the nonresident defendants cannot be laid in Richmond County under Code Ann. § 2-4903. Accordingly, appellants' motions to dismiss should have been granted.

*Judgment reversed. All the Justices concur.*

Submitted November 8, 1974 — Decided February 4, 1975.

*Swift, Currie, McGhee & Hiers, J. Alexander Porter, Hull, Towill, Norman, Barrett & Johnson, Patrick J. Rice,* for appellants.

*Jay M. Sawilowsky, Henry J. Heffernan, B. G. Sanders & Associates,* for appellees.