A93A2484. OWENS et al. v. POLLOCK et al.

(447 SE2d 325)

SMITH, Judge.

This is an interlocutory appeal from a transfer order entered after a jury trial. It involves the proper characterization of consent orders, the possibilities of pendent jurisdiction, and the vitiating effect of vanishing venue.

Appellants Jeryl Wayne Owens and Gary James Meikle are minority shareholders of closely held Hardrock Mining & Supply, Inc. ("Hardrock"). Appellant Waterwell Mine & Quarry Supply, Inc. ("Waterwell"), was formed by Owens and Meikle after they resigned under duress as officers, directors, and employees of Hardrock. Owens and Meikle each own 20 percent of the outstanding shares of Hardrock, and appellees Edward S. Pollock and Joan Pollock (collectively "the Pollocks") jointly own the controlling 60 percent. After Owens and Meikle resigned from active participation in Hardrock, Patrick H. Webber was elected by the Pollocks to Hardrock's board of directors.

Owens, Meikle, and Waterwell brought suit in Gwinnett County against Webber, Hardrock, and the Pollocks alleging slander, breach of duties owed minority shareholders, fraud, and various other claims. Hardrock filed a counterclaim against plaintiffs and a third party for harm allegedly done to it both before and after Owens and Meikle left Hardrock. The case was tried before a jury between April 19 and April 26, 1993. The jury ultimately returned a verdict in favor of appellants and against all defendants except Hardrock. Webber and the Pollocks then moved to transfer the case to a court of competent jurisdiction, contending the court lost jurisdiction and venue over them with the return of a verdict in favor of co-defendant Hardrock, which was the only "resident" defendant for venue purposes. Webber later withdrew his motion, leaving the Pollocks as movants. Judgment was

entered against Webber,[1] who is not a party to this appeal. Judgment was also entered against Hardrock on its counterclaim. However, the court ruled that since the jury found no liability on the part of "resident" Hardrock, it was without discretion to enter judgment against the Pollocks. It instead entered an order transferring the case to Fulton County, where the Pollocks reside. See *Crawford v. Randle*, 191 Ga. App. 112, 116 (2) (381 SE2d 77) (1989).

Essentially, appellants seek to avoid the result that usually obtains when a verdict is entered against a nonresident defendant but in favor of a resident defendant. "Where joint tortfeasors residing in different counties are sued in the county of one, and on the trial of the case the resident defendant is discharged and a verdict returned solely against the non-resident defendant[s], the court is without jurisdiction to enter a judgment against the non-resident defendant[s]. In such a case, it is said that where the resident co-defendant is found not liable by the jury, the court's jurisdiction over the non-resident defendant[s] vanishes. However the want of jurisdiction and venue over the action and person may be waived either expressly or impliedly by the conduct of the non-resident defendant[s]." (Citations omitted.) *Empire Forest Products v. Gillis*, 184 Ga. App. 542, 543 (1) (362 SE2d 77) (1987).

1. The Pollocks timely raised objections to jurisdiction and venue in Gwinnett County in their answer. However, appellants contend that the Pollocks waived those defenses and consented to jurisdiction by consenting to two pretrial consent orders granting equitable relief. We do not agree. Once a timely objection to jurisdiction and venue has been raised by a nonresident defendant in an action where Ga. Const. 1983, Art. VI, Sec. II, Par. IV, is the sole basis for the court's jurisdiction over the nonresident, affirmative conduct inconsistent with the objection is necessary to support a finding that it has been waived. *Long v. Bruner*, 171 Ga. App. 124, 125 (1) (318 SE2d 818) (1984); *Ga. Kraft Co. v. Laborers' Intl. Union &c.*, 170 Ga. App. 581, 587-588 (5) (317 SE2d 602) (1984); *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.*, 137 Ga. App. 165 (1, 2) (223 SE2d 217) (1976). The consent orders entered prior to trial in this case commanded the parties to refrain from taking certain actions, to maintain and preserve certain information, to produce certain information, and to suspend disbursements of Hardrock's funds "other than salaries and draws disclosed as of October 30, 1991." Mere acquiescence as to these matters, aimed at maintaining and bringing to light the status quo and at proscribing conduct that would be wrong-

---

[1] We note that Webber and the Pollocks were not found jointly liable to appellants on any single count.

ful in any event pending final resolution of the case, by no means constitutes an affirmative waiver of jurisdictional defenses by the Pollocks.

2. In a related argument, appellants contend the Pollocks waived their jurisdictional defenses by vicariously asserting a counterclaim through defendant Hardrock. Relying on *Thomas v. Dickson*, 250 Ga. 772 (301 SE2d 49) (1983), appellants argue that in reality the counterclaim sought not to achieve an award of damages for Hardrock, but rather to achieve an award for the Pollocks, the majority shareholders. The argument is flawed on its face. Realistically, a verdict on Hardrock's counterclaim would indirectly benefit *all* of its shareholders, Owens and Meikle included. Appellants cannot logically acknowledge and rely upon Hardrock's status as an individual entity (and, in essence, a necessary party) on the one hand, yet urge that its corporate status be disregarded on the other.

Moreover, *Thomas* merely establishes that in certain cases a shareholder *may* bring a direct action to recover misappropriated funds if the " 'realistic objectives' " of the case warrant it. Id. at 774. Even if we extend *Thomas* in the manner urged by the appellants, doing so merely begs the question of whether appellants' own objectives realistically included a judgment against Hardrock as opposed to Webber or the Pollocks. When the complaint and the relationships among the parties are viewed realistically, as appellants urge, it is not at all surprising that the jury, upon resolving the facts in appellants' favor, returned verdicts against the individual defendants yet left Hardrock untouched.

3. Appellants argue that venue over Hardrock continued even after the jury verdict in its favor by virtue of the previously referenced consent orders. Based on this premise, appellants contend the court may enter judgment on the jury's verdict against the Pollocks because those legal claims were "pendent" to the appellants' equitable claims against Hardrock. Appellants rely on *Natpar Corp. v. E. T. Kassinger, Inc.*, 258 Ga. 102, 104 (1) (365 SE2d 442) (1988), which established the rule that "[w]here a plaintiff brings suit in the same county on two claims arising from the same transaction and the Georgia Constitution designates that county as the venue for one of those claims, the trial court has the discretion to entertain both claims." Id. According to appellants, it follows that since the consent orders established equitable jurisdiction over all defendants, including the "resident" Hardrock, independent of the operation of Ga. Const. 1983, Art. VI, Sec. II, Par. IV, the court was authorized to enter judgment against the Pollocks on their "pendent" legal claims.

We cannot agree. To determine whether pendent jurisdiction may apply to appellants' legal claims against the Pollocks, we must first establish that venue is proper over appellants' equitable "claims"

in the first instance. However, as implied in Division 1, we find the consent orders relied upon so heavily by appellants addressed matters which were merely "ancillary" to their legal claims. We find no meaningful distinction between the matters resolved by the consent orders in this case and those addressed in *Summit Ins. Co. of New York v. Mulherin*, 233 Ga. 606 (212 SE2d 788) (1975). In that case, it was held that temporary injunctive relief against resident defendants cannot suffice to confer jurisdiction upon nonresidents under the constitutional venue rule for equity cases. Id. at 611. Put another way, it has been said that "where independent actions are involved, 'each tub must stand on its own bottom' in respect to venue requirements. [Cit.]" *Lewis v. Lanigan*, 125 Ga. App. 437, 438 (188 SE2d 148) (1972). While *Natpar* may have changed the blanket rule colorfully stated in Lewis in some respects, even after *Natpar*, it is still essential that at least one "tub" should "stand on its own bottom."

Appellants have failed to establish any independent basis for venue in Gwinnett County once the jury found in favor of the sole resident defendant, Hardrock, and have likewise failed to establish waiver of venue by the Pollocks. The trial court therefore acted properly in transferring the case to a proper venue.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JULY 7, 1994 —
RECONSIDERATION DENIED JULY 25, 1994 —

*Decker & Hallman, F. Edwin Hallman, Jr., David C. Moss*, for appellants.

*Greer, Klosik & Daugherty, Jeffrey F. Leasendale*, for appellees.

