27491.   DAVIS *v.* WAYCROSS COCA-COLA BOTTLING COMPANY *et al.*

DECIDED JULY 8, 1939.   REHEARING DENIED JULY 20, 1939.

*Highsmith & Highsmith, I. J. Bussell,* for plaintiff.

*Wilson, Bennett, Pedrick & Bennett,* for defendant.

STEPHENS, P. J.   (After stating the foregoing facts.)

Where two defendants, one of whom is a resident of the county in which the suit is filed, and the other is a non-resident of the county, are sued jointly as tort-feasors, the court has jurisdiction of both defendants, including jurisdiction over the non-resident defendant, if both of them are in fact joint tort-feasors or joint obligors. Code, § 2-4304. If, however, there is no liability against the resident defendant, he is necessarily not a joint tort-feasor or joint obligor with the non-resident defendant, and the court, as respects the person of the non-resident defendant, has no jurisdiction to render a verdict and judgment against him.   This jurisdiction, being that of the person only, may be waived by the non-resident defendant.   The non-resident defendant can waive the jurisdiction of his person by conduct legally amounting to such waiver, not-

withstanding there may be no liability against the resident defendant. See *Saffold* v. *Evans*, 136 *Ga.* 375 (71 S. E. 663), and the statement of the ruling contained therein appearing in *Warren* v. *Rushin*, 144 *Ga.* 612 (2) (87 S. E. 775). In that case a general demurrer to the plaintiff's petition was sustained as respected the resident defendant, thus holding him not liable, it was held that the other defendants who were non-residents, by their conduct afterwards, waived the jurisdiction of the court. This should, by the same reasoning, be true, notwithstanding a verdict and judgment may be rendered in favor of the resident defendant. Where the court has jurisdiction of the subject-matter, a judgment against a defendant is not void and invalid on the ground that the court had no jurisdiction of the defendant, where the defendant had submitted himself to the jurisdiction of the court. This is true where there is only one defendant and he is a non-resident of the county and not subject, so far as his person is concerned, to the jurisdiction of the court. He can consent to the jurisdiction of the court as to his person. The rule certainly is not different where there is joined with the non-resident defendant a defendant who is a resident of the county.

Ordinarily, where a non-resident defendant appears and pleads to the merits of a case and raises no question, either by plea or otherwise, as to the court's jurisdiction of his person, he has submitted to the jurisdiction. It would seem, in a suit jointly against a resident defendant and a non-resident defendant, where the jurisdiction of the court as to the person of the non-resident defendant is dependent on whether he is a joint tort-feasor or a joint obligor with the resident defendant, that an appearance by the non-resident defendant and pleading to the merits, without pleading to the jurisdiction of the court as to his person on the ground that he is a non-resident and is not a joint tort-feasor or joint obligor with the resident defendant, would be a waiver of jurisdiction and a submission to the jurisdiction. The court would have jurisdiction to render a legal and valid judgment against him, notwithstanding he might not in fact have been a joint tort-feasor or joint obligor with the resident defendant, and notwithstanding it might be adjudicated in the case by the verdict and the judgment that the resident defendant was not liable and that therefore the two defendants were not joint tort-feasors or joint obligors.

Whether what is contained in the foregoing paragraph be in conflict with the ruling in *Warren* v. *Rushin,* supra, or not, it is nevertheless true that a non-resident defendant can, by his conduct, waive the lack of jurisdiction as to his person, notwithstanding there is no liability against the resident defendant, as was held in *Saffold* v. *Evans,* supra. In a suit against two defendants as joint tort-feasors or joint obligors, one of whom is a resident and the other a non-resident, where the non-resident submits to the jurisdiction of the court as to his person, and a verdict and judgment are found in favor of the resident defendant, thus adjudicating that the defendants are not joint tort-feasors or joint obligors, a verdict against the non-resident defendant, finding only him liable to the plaintiff on the merits of the case, is not necessarily an invalid and illegal verdict on the ground that the court had no jurisdiction as to him, the non-resident defendant.

On the trial of a suit against two defendants as joint obligors or joint tort-feasors, one of whom is a resident and the other a non-resident, where a statement is made in open court by the non-resident defendant, through his attorney of record conducting the trial, that a verdict would be authorized finding the non-resident defendant liable irrespective of whether a verdict was found against the resident defendant, and where this statement is made in the presence of the jury, and the court instructs the jury that this is a correct statement of the law, the defendant has thereby waived the lack of jurisdiction of the court as to his person and has submitted to the court's jurisdiction to render a verdict and judgment against him on the merits of the case, notwithstanding he is not a joint tort-feasor or joint obligor, and notwithstanding the jury may find a verdict on the merits of the case in favor of the resident defendant. The non-resident defendant is by his conduct estopped afterwards, on motion in arrest of judgment, from asserting that the verdict and judgment which were against him alone were void and invalid on the ground that the court did not have jurisdiction of him. The conduct of the non-resident defendant, in making the statement referred to in the presence of the jury, and the court's approval of the statement as stating the correct law and so instructing the jury, were calculated to influence the jury, when finding against the non-resident defendant, in not finding also against the resident defendant. The jury was led

by the non-resident defendant to believe that a legal and valid verdict could be found against him, fixing liability against him, in the absence of a verdict against the resident defendant.

The statement of counsel for Waycross Coca-Cola Bottling Company, made in open court on the trial of the case, in the presence of the jury, in reply to the statement of counsel for the plaintiff that it would be necessary for the jury to bring in a verdict against both defendants in order to hold the non-resident defendant liable, that the court should submit to the jury for determination whether both defendants were liable, or whether either defendant was liable, or whether neither defendant was liable, and that the jury could "by their verdict fix the liability of the respective defendants" by finding against only one, to which the court agreed, and that the "jury was authorized in this case to return a verdict against either of the defendants alone," was equivalent to a statement by counsel that the jury would have jurisdiction to render a verdict against the non-resident defendant, fixing "the liability" of this defendant, without finding a verdict that the resident defendant was liable. This amounted to a waiver in open court, by counsel for the non-resident defendant, of the lack of jurisdiction of the court of the person of the non-resident defendant to render a judgment against it on the merits of the case and to fix liability against it without reference to any liability of the resident defendant. This statement having been made in the presence of the jury and approved by the court, and being calculated to influence the jury to render a verdict in favor of the resident defendant when finding a verdict against the non-resident defendant, the non-resident defendant, Waycross Coca-Cola Bottling Company, was thereby estopped from asserting, on the motion in arrest of judgment, the invalidity of the verdict against it, where a verdict was not found against the resident defendant, but was found in favor of that defendant.

It appearing from the undisputed evidence that the Waycross Coca-Cola Bottling Company had waived the lack of jurisdiction as to it, the verdict and judgment rendered against Waycross Coca-Cola Bottling Company, when no verdict was rendered against the resident defendant, W. L. Williams, but was rendered in favor of that defendant, was not void and invalid, and the judgment of the court sustaining the motion to arrest the judgment, and ordering the

judgment against Waycross Coca-Cola Bottling Company arrested, was, under the undisputed facts, without evidence to support it, and contrary to law. The verdict was a valid and legal verdict, and should be allowed to stand.

The judgment sustaining the motion to arrest the judgment is reversed.

*Judgment reversed. Felton, J., concurs. Sutton, J., concurs in the judgment.*