31408.  UNITED MOTOR FREIGHT TERMINAL COMPANY *v.* DRIVER.

DECIDED SEPTEMBER 19, 1946.

*Boykin & Boykin,* for plaintiff in error.

*C. V. Driver, D. B. Howe,* contra.

PARKER, J.  The defendant in error, Duff C. Driver, filed suit for damages against United Motor Freight Terminal Co. in the Superior Court of Haralson County and alleged that the defendant was a corporation of the State of Alabama, registered in this State with the Public Service Commission as a public carrier, and that its designated agent upon whom process might be served was J. F. Hill, 395 Nelson Street, S. W., Atlanta, Georgia, in Fulton County. After setting forth his cause of action, the plaintiff prayed for judgment and process, "and that a second original issue, for service on defendant by serving its designated agent, J. F. Hill, Fulton County, Georgia." The defendant appeared and demurred generally and specially to the petition as amended; the court overruled the demurrers, and the exception here is to that ruling.

Since counsel for the plaintiff in error have argued in their brief only the second ground of their demurrer, the other grounds will be considered as abandoned.  The second ground of the demurrer

is as follows: "2. Said suit should be dismissed for the reason the same shows on its face there has been no proper service on said petition, defendant being an Alabama corporation and not subject to the jurisdiction of this court. (a) The said petition shows on its face no second original has been issued under order of this court; that the clerk of said court was without authority in law to issue second original without an order of court directed to the Sheriff of Fulton County, Georgia. (b) That, in the absence of an order from the court the Clerk of the Superior Court of Haralson County, Georgia, is without power or authority to issue a valid second original for service on defendant or its agents, or officers residing in Fulton County, Georgia, it appearing on the face of said petition that second original was issued by the clerk of said court without an order of said court, therefore, the same is void, unenforceable and the service improper, void and of no force and effect."

"Every nonresident person and every foreign corporation being a motor-common carrier shall, before any certificate is issued to him or it under this Chapter, designate and maintain in this State an agent or agents upon whom service of process or notice may be made, and who shall have power to accept or acknowledge service or notice in behalf of such nonresident person or foreign corporation, and such service or notice shall have the same effect as if made personally upon such nonresident or such foreign corporation, such designation to be in writing, giving the name and address of such agent or agents, and to be filed in the office of the Comptroller General. . . Action against motor-common carriers, except in those cases where the Constitution otherwise provides, may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action; and if the defendant or defendants or any of them shall not be found for service in the county or militia district, as the case may be, where the action is brought, second original or originals may issue and service be made in any other county where the service can be made upon the defendant or defendants or his, its, or their agents. This provision of this section shall apply to motor-common carriers, whether engaged in interstate commerce or not." Code, § 68-618. "All railroad and electric companies shall be sued by anyone whose person or property has been injured by such railroad or electric company, its

officers, agents or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated. . . If the cause of action shall arise in a county where the railroad or electric company liable to suit has no agent, service may be perfected by the issuance of a second original to be served upon said company in the county of its principal office and place of business, if in this State, and if not, on any agent of such company, or suit may be brought in the county of the residence of such company." Code, § 94-1101. "Section 2334 of the Civil Code (§ 94-1101, Code of 1933) requires all suits against railroad companies for damages to person or property to be brought in the county wherein the cause of action originates, with the sole exception that if the cause of action arises in a county where the company has no agent, the suit may be brought elsewhere. The sole jurisdictional fact being the place of the origin of the cause of action, and the statute not supcradding the further fact of the residence of an agent as one requisite to jurisdiction, it must be held that the scheme of the law is to make the jurisdiction exclusive in the county where the cause of action originates when there is such residence, but elective when there is not." *Devereux* v. *Atlanta Ry. &c. Co.,* 111 *Ga.* 855 (36 S. E. 939). To the same effect, see also *Central of Georgia Ry. Co.* v. *Alford,* 154 *Ga.* 863 (2) (115 S. E. 771). "A foreign corporation operating in this State as a motor-common carrier may be sued in the county where the cause of action originated, and service on one designated by the corporation for that purpose may be had by second original. It is not necessary, if such foreign corporation have an agent and a place of business in this State, that the action be brought in that county." *Tennessee Coach Co.* v. *Snelling,* 51 *Ga. App.* 432 (180 S. E. 741). "If any of the defendants shall reside out of the county, the clerk shall issue a second original and copy for such other county or counties, and forward the same to the sheriff, who shall serve the copy and return the second original, with his entry thereon, to the clerk of the court from which the same issued." Code, § 81-215. A case in point is *Seminole County Board of Education* v. *American Ins. Co.,* 180 *Ga.* 661 (180 S. E. 229), holding that in a suit against a foreign insurance company, in which service may be made upon a designated resident agent under a statute generally similar to the statute applicable to the defendant in this case, it is proper

for the clerk to issue a second original and process without direction from the court. Upon careful examination of the record in this case it appears that the defendant in error has complied with the requirements of the authorities cited and the Code sections quoted, and that the suit was properly brought in Haralson County, and duly served in Fulton County by second original properly issued by the Clerk of the Superior Court of Haralson County.

The plaintiff in error relies on the case of *Moss* v. *Strickland,* 138 *Ga.* 539 (75 S. E. 622), as sustaining his contention that service in suits against foreign motor-common carriers must be upon an agent of the defendant in the county where the suit is brought. That case was decided in 1912, whereas the statute under which the plaintiff in the present case proceeded was enacted in 1931. Furthermore, that case was an attempt by an attorney to foreclose his lien upon certain land which he had recovered for the defendants in a previous action. Such proceeding was purely statutory, and the case was decided and the process therein declared invalid on the ground that the plaintiff had not followed the statutory procedure in foreclosing a lien, and clearly that holding is not in point in this case. The plaintiff in error has cited no case, and we are unable to find any authority for the proposition that the second original process provided for in the Code, § 68-618, must issue only upon order of the court. The plain provisions of the section are sufficient authority to enable the clerk to issue the second original process under the facts appearing herein.

The contention of the plaintiff in error made only in its brief, that service upon the defendant must be perfected in accordance with the procedure provided by the act of 1937 (Ga. L. 1937, p. 732; Code, §§ 68-801 et seq.), by service upon the Secretary of State, is without merit since the instant case is controlled by the provisions of the Code, § 68-618, and authorities cited.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*