20389. SOUTHEASTERN TRUCK LINES, INC. *et al. v.* RANN *et al.*

ARGUED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*Paul F. Akin, Warren Akin,* for plaintiffs in error.

*J. R. Cullens,* contra.

ALMAND, Justice. George M. Rann, Ralph Rann, and Mrs. Louise Rann Greeson filed their petition in the Superior Court of Paulding County against Horace C. Dennis, as administrator of the estate of Mrs. Ruth Rann Dennis, Southeastern Truck Lines, Inc., and Bryant Ernest Landis, Jr., to recover damages for the wrongful death of the plaintiffs' wife and mother, Mrs. George M. Rann, which occurred as the result of a motor-vehicle collision in Bartow County, Georgia, between an automobile driven by Mrs. Ruth Rann Dennis, in which the plaintiffs' decedent was a guest passenger, and a truck owned by Southeastern

Truck Lines, Inc., and operated by its servant and employee, Landis; said accident allegedly being caused by the joint and concurrent acts of negligence of the defendant Dennis's decedent and the defendant Landis, as servant and employee of the defendant Southeastern Truck Lines, Inc. Plaintiffs alleged that defendant Dennis was a resident of Paulding County, and that the defendants Southeastern Truck Lines, Inc., and Landis were nonresidents, and were subject to the jurisdiction of the Paulding Superior Court by virtue of being joined with a resident defendant. Plaintiffs' prayers were that service be perfected upon the defendant Southeastern Truck Lines, Inc., a foreign motor common carrier, incorporated under the laws of Tennessee, by service upon its duly appointed agent as provided under Code § 68-618; that defendant Landis, a resident of Tennessee, be served under the provisions of Code (Ann.) § 68-803; that service be perfected upon the estate of Mrs. Ruth Rann Dennis; and that plaintiffs have judgment against defendants, jointly and severally, for $75,000.

Defendants answered the action, the case proceeded to trial, and a verdict was rendered in favor of plaintiffs and against the two nonresident defendants, the jury finding that the resident defendant was not liable. The form of the verdict was, "We the jury find for the plaintiffs against the defendants Southeastern Truck Lines, Inc., and Bryant Ernest Landis, Jr., $50,000.00, this November 6, 1958." Judgment was entered on the verdict, whereupon the defendants filed their motion to set aside said judgment on the ground that, when the jury determined that the resident defendant was not liable, such determination established, as a matter of law, that the court had no jurisdiction over the nonresident defendants. Error is assigned on the order of the court denying the motion to set aside the judgment. The case is before this court for the reason that the constitutionality of the act of 1937 (Ga. L. 1937, p. 732; Code, Ann., § 68-801 et seq.), as amended, is brought into question by the motion to set aside the judgment as amended.

Code § 68-618, under which the defendant Southeastern Truck Lines, Inc., was served, provides: "Action against motor common carriers, except in those cases where the Constitution

otherwise provides, may be brought and maintained in any county or militia district where the action could be brought if the defendant were a railroad company being sued upon a like cause of action." As to the venue of suits against railroad companies, Code § 94-1101 provides: "All railroad . . . companies shall be sued by anyone whose person or property has been injured by such railroad . . . company, its officers, agents or employees, for the purpose of recovering damages for such injuries, in the county in which the cause of action originated." A foreign motor common carrier, engaged in the business of trucking, hauling, and transporting freight over the various public highways within the State, and having designated a resident agent upon whom service of process can be made, under the clear mandate of Code § 68-618, is, "so far as the right to sue is concerned, a resident of this State, and a resident of the county in which the cause of action originated so far as the right to bring a suit against it for a cause of action originating in that county is concerned" (*Boone Co. v. Owens,* 51 *Ga. App.* 739(1), 181 S. E. 519); and, "within the true intent and spirit of the constitutional provision [Art. 6, Sec. 14, Par. 4; Code, Ann., § 2-4904, providing that 'suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county']," it resides in that county. *Southern Ry. Co. v. Grizzle,* 124 *Ga.* 735, 740 (53 S. E. 244, 110 Am. St. Rep. 191).

Since the cause of action in the instant case originated in Bartow County, the only basis, under the record in the case, upon which the Superior Court of Paulding County could have acquired jurisdiction over the defendant Southeastern Truck Lines, Inc., was by the joining of said defendant with a resident defendant, as joint tortfeasors under the provisions of art. 6, sec. 14, par. 4 of the Constitution (Code, Ann., § 2-4904); and once the jury found in favor of the resident defendant, the court could no longer retain jurisdiction over the nonresident defendant Southeastern Truck Lines, Inc., to enter judgment against it. For it is well settled law in this State that, where a single suit is brought against several joint tortfeasors in a county where one of them is a resident, and where the others reside outside the

county, and, where on the trial of the case, the resident defendant is found not liable by the jury, and the nonresident defendants are found liable, the court is without jurisdiction to enter judgment against the nonresident defendants. *Rounsaville & Bros.* v. *McGinnis*, 93 *Ga.* 579(1) (21 S. E. 123); *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414(3) (38 S. E. 989, 84 Am. St. Rep. 250); *Warren* v. *Rushing*, 144 *Ga.* 612(1) (87 S. E. 775); *Turner* v. *Shackleford*, 39 *Ga. App.* 49 (145 S. E. 913); *Evans* v. *Garrett*, 72 *Ga. App.* 846 (35 S. E. 2d 387).

. The plaintiffs in their brief, however, contend that jurisdiction was properly acquired over the defendant Southeastern Truck Lines, Inc., in the Paulding Superior Court by virtue of the act of 1937, commonly known as the Non-Resident Motorist Act (Ga. L. 1937, p. 732; Code, Ann., § 68-801 et seq.), as amended by the act of 1955 (Ga. L. 1955, p. 650), and the act of 1959 (Ga. L. 1959, p. 120). This contention is without merit, for the reason that service and jurisdiction of foreign motor common carriers are prescribed and controlled by the provisions of Code § 68-618, and the provisions of the Constitution, and they are not suable under the Non-Resident Motorist Act, supra. *United Motor Freight Terminal Co.* v. *Driver*, 74 *Ga. App.* 244 (39 S. E. 2d 496).

It is further contended by the plaintiffs that the defendants waived any objection that they might have to question the court's jurisdiction to enter verdict and judgment against them because their counsel agreed and stipulated in writing that the jury could return a verdict in favor of the resident defendant and against the nonresident defendants. The record shows, however, only that the defendants' counsel agreed that the court might reduce to writing for the jury's convenience, the four forms of verdicts which it had previously orally charged the jury they might render, one of said instructions being that the jury might find in favor of the resident defendant and against the nonresident defendants only. Clearly, counsel for the defendants, by agreeing that instructions previously given the jury by the court orally might be reduced to writing, did not waive objection to the jurisdiction of the court to enter judgment against them in the event the jury found in favor of the resident

defendant and against them alone. The case of *Davis* v. *Waycross Coca-Cola Bottling Co.*, 60 *Ga. App.* 390 (3 S. E. 2d 863), relied on by the plaintiffs, is easily distinguished from the present case. The Superior Court of Paulding County was unquestionably, therefore, without jurisdiction to enter judgment against the defendant Southeastern Truck Lines, Inc., and the court erred in denying its motion to set the judgment aside.

Jurisdiction of the court over the defendant Landis was predicated upon his being joined with the resident defendant Dennis under the provisions of the Non-Resident Motorist Act as amended by the act of 1955 and the act of 1959, all supra, said amendments providing that, "Where action for damages is brought against a resident of this State, any nonresident involved in the same accident or collision and who is suable under the provisions of this act may be joined as the defendant in the county wherein the resident defendant is suable, and the jurisdiction of the court of and over such nonresident joint defendant shall not be affected or lost by reason of the fact that the jury returns a verdict in favor of such resident joint defendant although the accident, injury, or cause of action did not originate in the county wherein the suit is brought." Since we have already held that the judgment must be set aside as having been erroneously entered against the defendant Southeastern Truck Lines, Inc., it is unnecessary to determine whether the court could retain jurisdiction over the defendant Landis, to enter judgment against him after the resident defendant was discharged of liability, under the provisions of the 1955 and 1959 amendments to the Non-Resident Motorist Act, supra; or to consider the question of the constitutionality of said act if it be so construed; for a verdict and judgment rendered against two or more joint tortfeasors is single and indivisible, and must stand or, as in this case, fall in toto. *Finley* v. *Southern Ry. Co.*, 5 *Ga. App.* 722(3) (64 S. E. 312); *Gilstrap* v. *Leith*, 24 *Ga. App.* 720(1) (102 S. E. 169); *McCalla* v. *Shaw*, 72 *Ga.* 458; *Harralson* v. *McArthur*, 87 *Ga.* 478(2) (13 S. E. 594, 13 L.R.A. 689); *Hunter* v. *Wakefield*, 97 *Ga.* 543(2) (25 S. E. 347, 54 Am. St. Rep. 438). The same principles apply to a master and servant when sued jointly in an action based solely on the negligence of

the servant (as in the case here), as would apply in cases of joint liability against joint tortfeasors (*Giles* v. *Smith,* 80 *Ga. App.* 540, 542, 56 S. E. 2d 860); and the verdict and judgment must be valid against both or it is valid against neither. *Griffin* v. *Ross,* 93 *Ga. App.* 407, 415 (91 S. E. 2d 815).

Accordingly, since judgment was erroneously entered against the defendant Southeastern Truck Lines, Inc., for the reason that the court did not have jurisdiction over it at the time, the order denying the motion of both defendants to set the judgment aside must be

*Reversed. All the Justices concur.*