37839.   MORRIS *v.* BELL.

DECIDED OCTOBER 7, 1959.

342

*Frank M. Gleason,* for plaintiff in error.
*Pittman, Kinney & Pope,* contra.

FELTON, Chief Judge. ■ If the verdict of the jury constitutes a finding in favor of the resident defendant, the court could no longer retain jurisdiction over the nonresident defendant Bell to enter a judgment against him. For it is well settled law in this State that, where a single suit is brought against two joint tortfeasors in a county where one of them is a resident, and where

the other resides outside the county, and, where on the trial of the case, the resident defendant is found not liable by the jury, and the nonresident defendant is found liable, the court is without jurisdiction to enter judgment against the nonresident defendant. *Southeastern Truck Lines* v. *Rann*, 214 *Ga.* 813, 815 (108 S. E. 2d 561) and cases cited. *Burger* v. *Noble*, 81 *Ga. App.* 759, 761 (59 S. E. 2d 761).

"The verdict shall cover the issues made by the pleadings, and shall be for the plaintiff or defendant." Code § 110-101. "The court may construe a verdict, which is not explicit in its terms, in the light of the pleadings, the issues made by the evidence and the charge." *Powell* v. *Moore*, 202 *Ga.* 62, 66 (42 S. E. 2d 110) and citations.. In the instant case the court gave the following instructions as to the form of the verdict against only one of the defendants: "In the event you find, under these rules of law as given you in charge, and the opinion you entertain of the evidence in the case, that the plaintiff is entitled to recover against only one of the defendants, then the form of your verdict would be: We, the jury, find in favor of the plaintiff against the defendant, Cochran; or, in the other event,—We, the jury, find in favor of the plaintiff against the defendant Bell; and you would follow those words with an amount of money which you found under the law as given you in charge, and under the evidence, he would be entitled to recover." The form of the verdict rendered by the jury is in precise accord with that prescribed in the court's instructions for a finding against the defendant Bell only. Therefore, it is not subject to any of the constructions urged by the plaintiff, and the court did not err in amending its judgment to conform thereto. "A judgment may be amended by order of the court to conform to the verdict upon which it is predicated, even after an execution issues." Code § 110-311. "A judgment must conform to the reasonable intendment of the verdict upon which it is based, and it may by order of the court be amended so as to conform to the verdict, even after execution has been issued. . . This must be done, however, by an inspection of the record, including the verdict and pleadings. . ." *Frank E. Wood Co.* v. *Colson*, 43 *Ga. App.* 265 (158 S. E. 533).

■ The plaintiff next contends that his demurrer to the motion in arrest of judgment should have been sustained because it is not alleged therein that there had been no waiver of jurisdiction of the person of the defendant Bell, the movant. This motion is made under the provisions of Code § 110-702: "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Where, as here, there is nothing on the face of the record or pleadings to indicate a waiver of jurisdiction over the person of the nonresident defendant, there is no necessity to allege a lack of such waiver in a motion made by such defendant pursuant to the statute. The court did not err in overruling the plaintiff's demurrer to the motion in arrest of judgment.

■ It is further contended that irrespective of the allegations of the motion, the record conclusively shows that the nonresident defendant did waive jurisdiction as to his person by pleading to the merits without filing a special plea to the jurisdiction as provided in Code § 81-503. "Obviously, this Code section cannot apply to a defendant such as the one here in the first instance, for he must appear and plead to the merits and stand before the court until the codefendant is discharged. The appearance of the defendant and his plea to the merits in the first instance, therefore, did not constitute a waiver under this Code section." *Burger* v. *Noble*, 81 *Ga. App.* 759, 761, supra. See also *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775); *Jordan* v. *Charles S. Martin Distributing Co.*, 90 *Ga. App.* 186 (82 S. E. 2d 263); *Christian* v. *Terry*, 36 *Ga. App.* 815 (2) (138 S. E. 244).

The above rule, which represents the settled law in this State, is contradicted by the following language in *Davis* v. *Waycross Coca Cola Bottling Co.*, 60 *Ga. App.* 390, 394 (3 S. E. 2d 863): "It would seem, in a suit jointly against a resident defendant and a nonresident defendant, where the jurisdiction of the court as to the person of the nonresident defendant is dependent on whether he is a joint tortfeasor or a joint obligor with the resident defendant, that an appearance by the nonresident defendant and pleading to the merits, without pleading to the jurisdiction of the court as to his person on the ground that he

is a nonresident and is not a joint tortfeasor or joint obligor with the resident defendant, would be a waiver of jurisdiction and a submission to the jurisdiction. The court would have jurisdiction to render a legal and valid judgment against him, notwithstanding he might not in fact have been a joint tortfeasor or joint obligor with the resident defendant, and notwithstanding it might be adjudicated in the case by the verdict and the judgment that the resident defendant was not liable and that therefore the two defendants were not joint tortfeasors or joint obligors." This statement is contrary to the decisions cited in this division of the opinion and is an incorrect view of the law, but need not be overruled since it is mere obiter, for the decision in the case is predicated on a waiver by conduct of counsel in open court rather than by pleading to the merits. In the instant case, there was no action by the nonresident defendant or his counsel which constitutes a waiver of the court's lack of jurisdiction over his person.

■ Finally, the plaintiff contends that the resident codefendant was an essential party to the motion in arrest of judgment and should have been given notice as required by law. "All motions to arrest or set aside a judgment must be made to the court by whom such judgment was rendered, and of such motions the opposite party must have reasonable notice." Code § 110-707. It should first be observed that the motion by its very terms seeks to arrest the judgment only as to the nonresident defendant and does not seek to arrest the judgment favorable to his codefendant. "Generally, it is true, a judgment has been regarded as an entirety, and setting it aside as to one co-party has been treated as vacating it as to the rest. But there is nothing in the nature of the thing which involves such a consequence; and in modern Georgia practice a new trial can be granted as to one joint defendant and denied as to others; so too, a judgment can be as completely moulded at law as can be a decree in equity. The operation of moulding may take place in cutting down or expunging, no less than by original construction or shaping." *Powell* v. *Perry*, 63 *Ga.* 417, 421. This is not a case in which the movant seeks to set aside the entire judgment as in *Sewell* v. *Anderson*, 197 *Ga.* 623 (30 S. E. 2d 102), and *Malone* v. *Kelly*,

101 *Ga.* 194 (28 S. E. 689), cited by the plaintiff. The resident defendant has no interest in sustaining the operation of the judgment against her codefendant, and her rights are not affected by the grant of the motion. Therefore, she need not be a party to the proceeding in arrest and need not be served with notice thereof as an "opposite party". See *Carmichael* v. *City of Jackson,* 194 *Ga.* 664, 670 (22 S. E. 2d 470).

■ The resident defendant not having been found liable by the jury and the nonresident defendant not having waived the lack of jurisdiction over his person, the court did not err in granting the latter's motion in arrest of judgment.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*