40817. SOUTHERN NITROGEN COMPANY, INC. v. MANUEL.

FRANKUM, Judge.  1.  Ordinarily, where suit is brought against two alleged joint tortfeasors in a county where one of them resides, the other being a nonresident, and where on the trial of the case the resident defendant is found by the jury not liable, the court is without jurisdiction to render a judgment against the nonresident defendant, and if such judgment be rendered it may be arrested or set aside upon motion.  *Lee v. West,* 47 Ga. 311 (2); *Hamilton v. Dupre,* 111 Ga. 819 (2) (35 SE 684); *Warren v. Rushing,* 144 Ga. 612 (1) (87 SE 775); *Southeastern Truck Lines, Inc. v. Rann,* 214 Ga. 813 (108 SE2d 561).

2.  Where, however, during the course of the trial, counsel for the nonresident defendant in his argument to the jury and by the submission of a written request to charge takes the position that the jury may return a verdict against the nonresident defendant, even though it may find the resident defendant not liable, and where the court thereafter instructs the jury in accordance with the written request and the jury returns a verdict in favor of the plaintiff, and against the nonresident defendant alone, the nonresident defendant is estopped from asserting in a motion in arrest of judgment that the verdict and judgment against it are void and invalid on the ground that the court did not have jurisdiction of its person.  *Davis v. Waycross Coca-Cola Bottling Co.,* 60 Ga. App. 390 (3 SE2d 863).

3.  The principles enunciated in the foregoing headnote, insofar as they relate to the effect of a request to charge, are but a specific application of the broad general rule that a party will not be heard to complain of error induced by his own conduct, nor to complain of errors expressly invited by him during the trial of the case.  *Steed v. State,* 123 Ga. 569 (2) (51 SE 627); *Caesar v. State,* 127 Ga. 710 (2) (57 SE 66);

*Coleman v. State,* 141 Ga. 737, 739 (4) (82 SE 227); *Norris v. State,* 40 Ga. App. 232, 233 (3) (149 SE 158).

4. Applying these principles to the facts in the case at bar, where it appears that the suit here involved was brought in the Superior Court of Bulloch County against alleged joint tortfeasors, one of whom was a resident of that county, and the other a resident of Chatham County; that in his argument to the jury counsel for both defendants argued that the jury could return a verdict for the plaintiff against either or both defendants; that thereafter the same counsel submitted to the court a lengthy written request to charge, which had embodied therein certain principles and propositions of law, and also an instruction that, if the jury found certain facts to be true, they would be authorized to find a verdict in favor of the resident defendant and against the nonresident defendant, which proposition was therein several times repeated, and where thereafter the jury returned a verdict finding for the plaintiff and against the nonresident defendant alone and judgment was entered thereon, the nonresident defendant was estopped by such course of conduct of its counsel in dealing with the court to assert that such judgment was illegal and void, because by such course of conduct it waived any lack of jurisdiction of the court over it.

5. It follows that the court did not err in overruling the motion in arrest of judgment filed by the nonresident defendant and in sustaining the plaintiff's plea of estoppel filed in response thereto.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED OCTOBER 20, 1964—REHEARING DENIED NOVEMBER 4, 1964.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Anderson & Sanders, Cohen Anderson,* for plaintiff in error.

*Neville & Neville, William J. Neville,* contra.