137 Ga. App. 165 (1976)
223 S.E.2d 217
STEDING PILE DRIVING CORPORATION
v.
JOHN H. CUNNINGHAM & ASSOCIATES et al.; and vice versa.
51277, 51373.
Court of Appeals of Georgia.
Argued October 9, 1975.
Decided January 5, 1976.
J. Robert Hardcastle, for appellant.
Martin, Snow, Grant & Napier, Hendley v. Napier, John C. Edwards, H. H. Perry, for appellees.
PANNELL, Presiding Judge.
Plaintiff brought suit to recover $32,095 for extra work performed on a construction project. He alleged that the extra work was authorized and demanded by the defendants, who were jointly and severally liable to him for the value of said work. The action was brought in Dougherty Superior Court. Defendant Curry was a resident of Dougherty County; defendant Cunningham was a resident of Fulton County.
*166 Upon the trial of the case, the jury returned a verdict in favor of the defendant Curry, but against the defendant Cunningham in the amount of $29,077. Defendant Cunningham made a motion to set aside the verdict, and the court granted same. The plaintiff appeals the order setting aside the verdict of the jury as to defendant Cunningham. Cunningham cross appealed, claiming error in the trial court's failure to grant his motion for directed verdict. Held:
1. The trial court set aside the verdict as to defendant Cunningham on the ground that the court had lost its jurisdiction and venue over said defendant. The order of the trial court provides as follows: "The jury having found in favor of the resident defendant and thus discharging S. J. Curry & Company, Inc., this Court no longer retained jurisdiction over the non-resident defendant as it had lost the venue. Wherefore, the verdict of the jury in this case insofar as it finds against John H. Cunningham & Associates, Architects, is set aside as this Court no longer retains jurisdiction and venue over the defendant John H. Cunningham & Associates, Architects. Therefore, this case is hereby dismissed as to John H. Cunningham & Associates, Architects for want of jurisdiction and venue."
Where joint tortfeasors or joint obligors residing in different counties are sued in the county of one, and on the trial of the case the resident defendant is discharged and a verdict returned solely against the non-resident defendant, the court is without jurisdiction to enter a judgment against the non-resident defendant. Southeastern Truck Lines, Inc. v. Rann, 214 Ga. 813 (108 SE2d 561); Hamilton v. DuPre, 111 Ga. 819 (35 SE 684); Morris v. Bell, 100 Ga. App. 341, 342 (111 SE2d 270). "In such a case where the resident co-defendant is found not liable by the jury, the court's jurisdiction over the non-resident defendant vanishes." Thornhill v. Bullock, 118 Ga. App. 186, 187 (162 SE2d 886).
2. However, personal jurisdiction may be waived by the defendant, either expressly or impliedly, by his conduct. See Burger v. Noble, 81 Ga. App. 759 (59 SE2d 761). Appellant contends that the appellee waived personal jurisdiction and venue by pleading to the merits *167 of the case and by filing a motion for summary judgment. See Biddinger v. Fletcher, 224 Ga. 501 (162 SE2d 414); Black v. Milner Hotels, Inc., 194 Ga. 828, 831 (22 SE2d 780). "Code § 81-503 provides as follows: `If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court.' Obviously, this Code section cannot apply to a defendant such as the one here in the first instance, for he must appear and plead to the merits and stand before the court until the co-defendant is discharged. The appearance of the defendant and his plea to the merits in the first instance, therefore, did not constitute a waiver under this Code section." Burger v. Noble, 81 Ga. App. 759, 761 (59 SE2d 761).
3. Appellant further argues that appellee impliedly waived personal jurisdiction by failing to object to the charge of the trial judge. The court charged the jury that they could find against one or both of the defendants. Appellant cites the following cases in support of the argument that appellee's failure to object to the court's charge amounted to a waiver of jurisdiction: Southern Nitrogen Co. v. Manuel, 110 Ga. App. 597 (139 SE2d 453); Davis v. Waycross Coca Cola Bottling Co., 60 Ga. App. 390 (3 SE2d 863). These two cases are clearly distinguishable from the present case.
In Davis, the non-resident defendant made a statement in open court that a verdict would be authorized against himself irrespective of whether a verdict was found against the resident defendant. The court then instructed the jury that this was a correct statement of the law. Similarly, the non-resident defendant in Southern Nitrogen argued to the jury and requested a charge to the jury that it might return a verdict against the non-resident defendant, even though it found the resident defendant not liable. The non-resident defendants in both Davis and Southern Nitrogen were estopped by such course of conduct from asserting that the judgment rendered against them was illegal and void. These decisions were based on the "broad general rule that a party will not be heard to complain of error induced by his own conduct, nor to complain of errors *168 expressly invited by him during the trial of the case." Southern Nitrogen Co. v. Manuel, supra.
In the present case, the non-resident defendant made no such statement to the jury and did not request such a charge. The appellant requested that the trial judge charge the jury that they could find against either of the two defendants. We do not believe that the mere failure to object to such charge was conduct legally amounting to a waiver of personal jurisdiction. We have been unable to find any case law which would support such a holding. Rather, a study of the case law has led us to conclude that there is a need for some affirmative action on the part of the non-resident defendant in order for the court to find that there has been a waiver of personal jurisdiction or venue. See generally Southeastern Truck Lines, Inc. v. Rann, 214 Ga. 813, supra; Black v. Milner Hotels, Inc., 194 Ga. 828, supra; Southern Nitrogen Co. v. Manuel, 110 Ga. App. 597, supra; Davis v. Waycross Coca Cola Bottling Co., 60 Ga. App. 390, supra.
4. It follows that the trial court did not err in granting appellee's motion to set aside the verdict.
5. Defendant John H. Cunningham & Associates filed a cross appeal urging error in the court's denying its motion for directed verdict. The issue presented in the cross appeal is rendered moot by the decision of this court on the main appeal.
Judgment affirmed. Quillian and Clark, JJ., concur.