## 58950. O'NEILL v. WESTERN MORTGAGE CORPORATION OF GEORGIA.

BIRDSONG, Judge.

Dismissal for lack of jurisdiction. The appellant Mrs. O'Neill brought suit in DeKalb County against three defendants for trespassory damage. Two defendants, Wagnon and WTA Associates, Inc. are acknowledged to be resident in DeKalb County. The third defendant, Western Mortgage Corp. of Ga. is a resident of Fulton County. Following a jury trial, at the conclusion of the presentation of evidence, the trial court directed a verdict in favor of the defendant WTA Associates, Inc. (Wagnon's employer). This left before the jury one defendant resident in DeKalb County (Wagnon) and one resident in Fulton County (Western Mortgage). The jury returned a verdict as follows: "We the jury find for the plaintiff [O'Neill] in the amount of actual damages of $3,000.00 and punitive damages of $5,000.00 to be paid totally by Western Mortgage Co., Inc." After the jury verdict had been entered without objection, Western Mortgage moved for dismissal of the verdict against it on the grounds that the jury's verdict amounted to a verdict in favor of the sole remaining DeKalb County defendant and thus deprived the DeKalb County Superior Court of jurisdiction over Western Mortgage, a Fulton County resident. It is the grant of this motion to dismiss that forms the basis of this appeal. *Held:*

We affirm. Where joint tortfeasors residing in different counties are sued in the county of one, and on the trial of the case the resident defendant is discharged and a verdict returned solely against the non-resident defendant, the court is without jurisdiction to enter a judgment against the non-resident defendant. *Southeastern Truck Lines v. Rann,* 214 Ga. 813 (108 SE2d 561); *Steding Pile Driving Corp. v. John H. Cunningham &*

*Assoc.,* 137 Ga. App. 165, 166 (1) (223 SE2d 217).

Verdicts shall have a reasonable intendment, shall receive a reasonable construction, and shall not be avoided except for necessity. Code § 110-105. Manifestly this verdict is neither uncertain nor ambiguous. Its meaning is plain and clear. It is in favor of the plaintiff, Mrs. O'Neill, but it demands payment from only one of the two remaining defendants, Western Mortgage. Because no damages were assessed against Wagnon, he was absolved from any liability in the case. This amounts to a verdict in his favor (*Pickron v. Garrett,* 73 Ga. App. 61, 65 (35 SE2d 540)), and therefore the DeKalb County court had no jurisdiction to enter a verdict against the sole remaining defendant, Western Mortgage, a resident of Fulton County but a nonresident of DeKalb County. *McKay v. Hall,* 147 Ga. App. 146 (248 SE2d 210). The trial court did not err in dismissing the complaint against Western Mortgage.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 23, 1980.

*R. Patrick White, Lawrence B. Custer,* for appellant.
*David J. Bailey, Merle A. Ramos,* for appellee.