67914. LONG v. BRUNER.

POPE, Judge.
This appeal arises from a tort action brought by appellant against appellee and Marvin M. Black Company ("Black") as joint tortfeasors. The suit was filed in the State Court of Cobb County because Black maintained an office located in Cobb County. Appellee, an employee of Black, resided in Gwinnett County. Based upon their assertion that appellant's claim was barred by the Workers' Compensation Act, appellee and Black moved for summary judgment and the trial court granted summary judgment to both. Appellant then appealed to this court and we affirmed. *Long v. Marvin M. Black Co.*, 163 Ga. App. 633 (294 SE2d 641) (1982). However, in *Long v. Marvin M. Black Co.*, 250 Ga. 621 (300 SE2d 150) (1983), the Supreme Court affirmed the grant of summary judgment only as to Black, reversing as to appellee. Subsequent to this court's adoption of the opinion of

the Supreme Court, appellee filed a motion to dismiss asserting improper venue. The motion to dismiss claimed improper venue based upon the fact that Black, the sole resident defendant, had been discharged from liability with the grant of summary judgment in Black's favor. The trial court granted appellee's motion to dismiss.

1. "It has long been the law of this state that where suit is brought against two defendants as joint tortfeasors one of whom resides in the county, the court has no jurisdiction of the non-resident defendant unless the resident co-defendant is liable in the action." *Russell v. Hall*, 165 Ga. App. 547, 548 (301 SE2d 904) (1983). See *Evans v. Montgomery Elevator Co.*, 159 Ga. App. 834 (285 SE2d 263) (1981); *O'Neill v. Western Mtg. Corp. of Ga.*, 153 Ga. App. 151 (264 SE2d 691) (1980); *Timberlake Grocery Co. v. Cartwright*, 146 Ga. App. 746 (247 SE2d 567) (1978). "In such a case where the resident co-defendant is found not liable . . ., the court's jurisdiction over the non-resident defendant vanishes." *Thornhill v. Bullock*, 118 Ga. App. 186, 187 (162 SE2d 886) (1968).

Notwithstanding appellant's arguments to the contrary, appellee's actions in defending the tort claim against him in the trial and appellate courts do not constitute waiver of his defense of lack of personal jurisdiction based upon improper venue. See *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.*, 137 Ga. App. 165 (1, 2) (223 SE2d 217) (1976). See also *Ga. Kraft Co. v. Laborers' Intl. Union of North America*, 170 Ga. App. 581 (5) (317 SE2d 602) (1984). In fact, such defense did not become valid in this case until the appeals process terminated following the Supreme Court's affirmance of the grant of summary judgment to Black. It was at this point that the sole resident defendant was finally discharged from liability in this action, thus removing the trial court's jurisdiction over appellee, the non-resident defendant.

2. The trial court's order granting appellee's motion to dismiss was entered on August 22, 1983. After the entry of that order, on February 15, 1984 the Supreme Court adopted Uniform Transfer Rules which, from the effective date, April 1, 1984, govern the issue raised in this appeal. The Uniform Transfer Rules are found at 251 Ga. 893 (1984) and were "adopted pursuant to the authority of Art. VI, Sec. IX, Par. I of the 1983 Constitution of the State of Georgia to implement Art. VI, Sec. I, Par. VIII of the 1983 Constitution which provides that: 'Any court shall transfer to the appropriate court in this state any civil case in which it determines that jurisdiction or venue lies elsewhere.' " Id. Rule T-4 provides in pertinent part: "These rules shall become operative when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both. Such motion shall be treated as a motion to transfer pursuant to these rules."

Although the trial court entered its judgment prior to the effective date of the Uniform Transfer Rules, the decision of this court comes after such date. The controlling procedural rules were changed pending appeal and are applicable to this case. *Peoples Bank of LaGrange v. N. C. Nat. Bank*, 230 Ga. 389, 391 (197 SE2d 352) (1973). "[A] reviewing court should apply the law as it exists at the time of *its* judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759) (1944). Accord *Galletta v. Hardison*, 168 Ga. App. 36 (308 SE2d 47) (1983). Thus, applied to the facts of this case, at the time it was ordered the trial court was correct in granting appellee's motion to dismiss for improper venue. However, under the Uniform Transfer Rules the motion should now be treated by the trial court as a motion to transfer. Provided there is compliance with the pertinent requirements of the Uniform Transfer Rules, based upon the rationale of Division 1 of this opinion, the converted motion to transfer should be granted and the case transferred to the appropriate court where venue is proper.

*Judgment reversed with direction. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 30, 1984.

*Wallace C. Clayton, Melodie H. Clayton*, for appellant.
*Michael T. Bennett, Henry D. Green, Jr.*, for appellee.