## 74912. EMPIRE FOREST PRODUCTS, INC. v. GILLIS.
(362 SE2d 77)

BIRDSONG, Chief Judge.

Jurisdiction — Non-Resident Joint Tortfeasor — Transfer. Pertinently stated, Empire Forest Products, Inc. (Empire) entered into a timber harvesting contract with Willie Gillis. Empire is a resident corporation of Ben Hill County. Gillis' land lies in Telfair County. Empire's agent at the time, Roberson, also is a resident in Telfair County. Roberson was charged with the responsibility of monitoring the faithful and proper execution of the timber harvest. Empire commenced the harvest of trees, being limited by the contract to harvesting trees of nine inches in diameter at breast height. Empire agreed to pay $75,000 for the harvest. After the work commenced, Gillis determined that trees under nine inches diameter at breast height were being harvested and that Empire's harvesters were assertedly using improper clearing procedures, resulting in damage to or destruction of renewal growth. Gillis brought suit in Telfair County against Roberson and Empire as joint tortfeasors. In its answer to Gillis' complaint, Empire denied venue and jurisdiction of the Telfair Superior Court over the cause of action or against Empire personally. During the trial of the issue, Empire sought a directed verdict based upon lack of jurisdiction should a verdict be returned in favor of Roberson. Empire also sought a counterclaim contending that Gillis had prevented a full

harvest as contemplated by the contract and sought a recovery of the unearned amount of the $75,000 paid before the harvest commenced. After all the evidence had been completed and the charge of the court given, the jury returned a verdict in favor of Roberson and against Gillis but against Empire and in favor of Gillis. After the verdict in favor of the resident joint tortfeasor but against the non-resident joint-tortfeasor, Empire voluntarily dismissed its counterclaim against Gillis in Telfair County and moved the trial court to transfer the case to Ben Hill County. This motion was denied by the trial court. Empire then moved for a judgment n.o.v. based upon lack of jurisdiction and venue or in the alternative to grant a new trial on the same grounds. This motion also was denied. Empire now brings this appeal asserting four enumerations of error. *Held*:

1. In its first two enumerations of error, Empire contends the trial court erred in denying its motion for judgment n.o.v. in that the court had no jurisdiction to enter judgment against Empire once the resident joint tortfeasor was dismissed, and in like vein erred in refusing a transfer of the case to Ben Hill County. The only evidence relating to Empire having an office for business in Telfair County was speculation that because Empire stored cut logs on property it had once owned in Telfair County it must have had an office there. Uncontradicted evidence by ex-employees of Empire as well as its president, however, established that in October 1984, Empire sold its property and logging business to Canal Logging Company. Thereafter, Empire had no employees, no property, and no business premises in Telfair County. Thus at the time Gillis' complaint was filed, the uncontradicted relevant evidence demanded the conclusion that Empire was a non-resident of Telfair County. See *Myers v. Phillips*, 197 Ga. 536, 542 (29 SE2d 700); *Stepp v. Stepp*, 195 Ga. 595 (2) (25 SE2d 6).

Where joint tortfeasors residing in different counties are sued in the county of one, and on the trial of the case the resident defendant is discharged and a verdict returned solely against the non-resident defendant, the court is without jurisdiction to enter a judgment against the non-resident defendant. *Southeastern Truck Lines v. Rann*, 214 Ga. 813 (108 SE2d 561); *Morris v. Bell*, 100 Ga. App. 341, 342 (111 SE2d 270). In such a case, it is said that where the resident co-defendant is found not liable by the jury, the court's jurisdiction over the non-resident defendant vanishes. *Thornhill v. Bullock*, 118 Ga. App. 186, 187 (162 SE2d 886). However the want of jurisdiction and venue over the action and person may be waived either expressly or impliedly by the conduct of the non-resident defendant. *Burger v. Noble*, 81 Ga. App. 759, 761 (59 SE2d 761). Gillis argues that by its pretrial and trial conduct in the court in Telfair County, Empire has in point of fact and law waived the jurisdictional-venue issue. Moreover, Gillis argues that the motion to transfer was not timely made.

Lastly, Gillis urges that Empire maintained an office in Telfair County, a point already rejected in this decision.

We also reject the remaining arguments. It is patent that Empire preserved the issue of jurisdiction and venue in its pleadings and answer. It moved for a directed verdict upon the issue of venue should a verdict be returned in favor of the resident defendant, Roberson. It requested a charge on the issue of lack of venue should a favorable verdict be returned on behalf of Roberson. It moved for a judgment n.o.v. or alternatively for a new trial because of the lack of jurisdiction and venue.

Notwithstanding Gillis' arguments to the contrary, Empire's actions in defending the tort claim against it in the trial and even in the appellate courts do not constitute waiver of its defense of lack of personal jurisdiction based upon improper venue. See *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.*, 137 Ga. App. 165 (1, 2) (223 SE2d 217). In fact it has been held that even if the defense does not become available to the non-resident defendant until appellate action removes the resident defendant from the case, such appellate action nevertheless removes the trial court's jurisdiction over the non-resident defendant in the absence of waiver. See *Long v. Bruner*, 171 Ga. App. 124, 125 (1) (318 SE2d 818). There being no jurisdiction or waiver thereof, the trial court was obligated to dismiss the complaint in Telfair County.

Having held that the trial court erred in failing to dismiss the complaint as to Empire (see *Georgia Kraft Co. v. Laborers' Intl. Union*, 170 Ga. App. 581, 588 (317 SE2d 602)), we must consider the applicability of the Uniform Transfer Rules, 251 Ga. 893. Rule T-4 provides in pertinent part: "These rules shall become operative when a party makes a motion to dismiss, or any other motion or defense, on the basis that the court in which the case is pending lacks jurisdiction or venue or both. Such motion shall be treated as a motion pursuant to these rules." Until final judgment is entered in the case, the case remains in the bosom of the court and is still pending. Inasmuch as the court cannot enter judgment under the circumstances here presented, the trial court likewise erred in not ordering the case transferred to the proper forum in Ben Hill County. See *Long v. Bruner*, supra at pp. 125, 126 (2).

2. Part of Empire's third enumeration of error is rendered moot by the disposition of the first two enumerations of error. In the event of retrial in Ben Hill County, the agent Roberson will not be personally involved in the trial of the issue of negligence. However, insofar as the charge indicated that Empire's counterclaim could only be considered if Empire was found not negligent, this would seem to be error. A claim that arises out of the *transaction or occurrence* for which the suit originally is filed, is considered a compulsory counterclaim

and must be established at the time of the answer. *Hickman v. Frazier*, 128 Ga. App. 552 (197 SE2d 441). It may be considered as off-setting to the main claim if appropriate or independent of the main claim even if the main claim is dismissed. *Young v. Jones*, 140 Ga. App. 66 (230 SE2d 32). We assume that if the case is retried, this incorrect characterization will not reoccur.

3. In its last enumeration of error, Empire complains the trial court incorrectly curtailed its cross-examination of Gillis' expert witness on the issue of personal knowledge of the presence of young reproduction timber on Gillis' land. The scope of cross-examination lies within the exclusive exercise of discretion of the trial court. We are reluctant to interfere with the exercise of that discretion in the absence of abuse. See *Kessel v. State*, 236 Ga. 373, 375 (223 SE2d 811). We cannot fault the trial court in its determination that the continued questions to the expert were covering grounds which previously had been covered in cross-examination. In the event of a further trial, we anticipate this complaint will not again arise.

*Judgment reversed and case remanded for action consistent with this opinion. Deen, P. J., and Pope, J., concur.*

Decided September 28, 1987 —
Rehearing denied October 16, 1987.

*G. Thomas Davis, Lela L. Smith*, for appellant.
*B. W. Walker*, for appellee.