77787. CRAWFORD v. RANDLE.
(381 SE2d 77)

BEASLEY, Judge.
Randle sued Crawford and Malone in Fulton County for injuries which she suffered in an auto accident in Clayton County. Malone, a

resident of Fulton County, filed a cross-claim against Crawford, a Clayton County resident. Defendant Crawford appeals the trial court's denial of her Motion to Transfer and Set Aside Verdict.

In her answer to the complaint, Crawford admitted residency in Clayton County but "denies that she is subject to the jurisdiction of this court." No answer was filed to the cross-claim which alleged jurisdiction over Crawford, but none is required, OCGA § 9-11-7 (a), and the allegations in the cross-claim stand denied. OCGA § 9-11-8 (d).

The proposed pretrial order was jointly submitted by counsel for all parties and entered by the court at the beginning of the trial. In Crawford's outline of the case, she stated that issues for determination by the jury were "[l]iability as to which or both Defendants or a mixture of liability on the part of any combination of all parties including the Plaintiff." There is no mention in the pretrial order of the claim of lack of jurisdiction over Crawford.

Crawford testified at the trial, contending that the accident was not her fault but that of co-defendant Malone, for cutting back in front of her car and causing her to run into him and him into plaintiff.

Crawford requested a charge, given by the court, that "even though a Plaintiff may sue one or more Defendants in the same action, the jury, by its verdict, can bind one and relieve another, as the evidence may authorize, one of the defendants being found liable while the other is adjudged not guilty of any negligence that proximately caused the collision."

The jury returned a verdict in favor of plaintiff against Crawford only and in favor of Malone on his cross-claim against Crawford, on a form submitted by Crawford. Malone, the resident defendant, was not held liable. After the verdict had been examined by counsel, the jury had been excused, and the court had requested counsel for plaintiff to prepare a judgment, counsel for Crawford made an oral motion to dismiss the case and to send it to Clayton County, on the ground that the court no longer had jurisdiction of Crawford. Plaintiff and Malone contended that the issue had been waived by not being included in the pretrial order and that Crawford's affirmative participation in the trial amounted to a waiver. The court requested a written motion, and Crawford submitted her Motion To Transfer And Set Aside Verdict.

1. All three of the enumerations deal with the court's denial of the motion and entry of judgment against Crawford.

The only portions of the transcript submitted by Crawford in her appeal are her testimony and the colloquy between court and counsel after the verdict was returned. These reflect that she was a resident of Clayton County and that the motion to set aside and transfer was

made immediately after the verdict was returned and examined by counsel.

The court's order denying the motion and entering judgment against Crawford gave the following reasons for the denial: (1) she did not "affirmatively plead improper venue or lack of jurisdiction" prior to trial or during trial; (2) the issue was not mentioned in the pretrial order; (3) at no time during the trial or prior to verdict was the issue raised by defendant; (4) the submission by her of an alternative verdict form which allowed the jury to answer a question on the general liability of all defendants as opposed to the court's which would have required an answer as to each defendant; and (5) the submission by defendant of her request to charge. The court concluded that these acts amounted to a waiver by Crawford of that defense and estopped her from raising it.

Art. VI, Sec. II, Par. IV of the Georgia Constitution provides that "[s]uits against . . . joint tort-feasors . . . residing in different counties may be tried in either county." OCGA § 15-1-2 states that "lack of jurisdiction of the person [unlike jurisdiction of the subject matter] may be waived, insofar as the rights of the parties are concerned . . . ." The issue here is one of the jurisdiction of the person or venue. See generally *William v. Fuller*, 244 Ga. 846 (262 SE2d 135) (1979).

The only basis upon which the State Court of Fulton County could have acquired jurisdiction over Crawford's person was by the joining of her with a resident defendant as provided by the above-quoted constitutional provision. *Southeastern Truck Lines v. Rann*, 214 Ga. 813, 815 (108 SE2d 561) (1959).

Addressing the court's reasons sequentially, the court was incorrect in stating that Crawford had not asserted lack of venue and jurisdiction in her answer; she did. This was done even though at the time there was jurisdiction and venue as to her. *Taylor v. Career Concepts*, 184 Ga. App. 551, 552 (362 SE2d 128) (1987). "The only time the defense of lack of jurisdiction over the person of the nonresident [defendant] because of . . . nonresidency would be valid . . . is in the event of a judgment in favor of the resident joint defendant . . . . [Cit.]" *Lansky v. Goldstein*, 136 Ga. App. 607, 608 (2) (222 SE2d 62) (1975); cited in *Taylor*, supra.

The court's further reliance on OCGA § 9-11-12 (h) would have been misplaced even if the defense had been omitted from Crawford's responsive pleading. " 'It is obvious that one can not waive a defense under CPA § 12 (h) (1) which does not exist at the time responsive pleadings are required. Furthermore, in 1974, the legislature amended CPA § 60 (d) . . . by adding "a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person . . . , regardless of whether such lack of jurisdiction appears upon the

face of the record or pleadings." The effect of this amendment is to prevent waiver of the defense of lack of jurisdiction under CPA § 12 (h) (1) by allowing it to be raised in a motion to set aside under CPA § 60 (d).' [Cits.]" *Evans v. Montgomery Elevator Co.*, 159 Ga. App. 834, 835 (285 SE2d 263) (1981). Similarly, at the time of the entry of the pretrial order and during the trial, venue and jurisdiction of Crawford were appropriate.

While it is true that actions of the non-resident defendant or counsel can waive the defense of personal jurisdiction, with the exception of *Southern Nitrogen Co. v. Manuel*, 110 Ga. App. 597 (139 SE2d 453) (1964) and *Davis v. Waycross Coca-Cola Bottling Co.*, 60 Ga App. 390 (3 SE2d 863) (1939), dealt with below, the cases so holding have all involved situations where, after the resident defendant had been released from the case, the non-resident defendant sought a ruling from the court on the merits of the case, thereby submitting to the jurisdiction of the court. *Taylor*, supra (resident defendant granted summary judgment, after which plaintiff moved for summary judgment against non-resident, who appeared at the hearing and argued on the merits); *Harrell v. Gomez*, 174 Ga. App. 8 (329 SE2d 302) (1985) (a motion for directed verdict was granted to the resident defendant, after which the non-resident moved for a directed verdict on the merits); *Vanguard Ins. Co. v. Beasley*, 167 Ga. App. 625 (307 SE2d 56) (1983) (summary judgment granted to resident defendant and the plaintiff as to liability of the non-resident defendant which then proceeded to trial on the issue of damages before raising the jurisdiction issue). Compare *Ga. Kraft Co. v. Laborers' Intl. Union*, 170 Ga. App. 581, 587 (5) (317 SE2d 602) (1984); *Long v. Bruner*, 171 Ga. App. 124 (318 SE2d 818) (1984).

"Want of jurisdiction is waived when after dismissal of the resident co-defendant, the non-resident defendant invokes rulings of the court on the *merits of the case.*" *Vanguard*, supra at 626. (Emphasis supplied.) *Burger v. Noble*, 81 Ga. App. 759, 761 (59 SE2d 761) (1950); see generally Note, "Venue in Georgia: Problems & Proposals" 9 Ga. S.B.J. 254, 265 et seq. (1972-1973).

In *Long v. Bruner*, supra at 125 (1), the resident defendant was not granted judgment until the case went through this court and was reversed by the Supreme Court. "[S]uch defense [lack of jurisdiction] did not become valid in this case until the appeals process terminated following the Supreme Court's affirmance of the grant of summary judgment to [only the resident defendant]. It was at this point that the sole resident defendant was finally discharged from liability in this action, thus removing the trial court's jurisdiction over . . . the non-resident defendant."

*Southern Nitrogen*, supra, relied upon by the trial court to support waiver and estoppel based upon Crawford's request to charge

and discussion of the verdict form, was decided before the passage of the Civil Practice Act in 1966 and at a time when former Ga. Code § 81-503 was in effect. Although not cited in the opinion, that section provided that if a defendant appeared and pled to the merits without excepting to jurisdiction, he admitted jurisdiction. The Civil Practice Act, particularly the 1974 amendment to OCGA § 9-11-60, supra, changed the procedure as to the assertion and preservation of the defense of lack of jurisdiction. The only case cited by the court in *Southern* for its premise that submitting a charge and arguing to the jury waived the defense was *Davis v. Waycross Coca-Cola Bottling Co.*, supra. That case likewise was before the Civil Practice Act and its provision that lack of jurisdiction over the person or subject matter could be attacked by a motion under OCGA § 9-11-60.

To the degree these two cases can be read to stand for the proposition that a non-resident's defense of a case prior to the release of the resident defendant is a waiver of the defense of lack of personal jurisdiction and venue under the Civil Practice Act, they are overruled.

2. Thus, the court's denial of the motion to set aside the verdict was error. Since the adoption of the Uniform Transfer Rules, 251 Ga. 893 et seq., pursuant to Ga. Const., Art. VI, Sec. IX, Par. I, the appropriate action when a court is presented with a motion to dismiss or set aside because of lack of jurisdiction or venue is to set aside the verdict and transfer the case pursuant to the rules, for another trial. *Empire Forest Prods. v. Gillis*, 184 Ga. App. 542, 544 (1) (362 SE2d 77) (1987); *Edwards v. Edmondson*, 173 Ga. App. 353, 355 (326 SE2d 550) (1985); *Long*, supra at 126 (2).

*Judgment reversed and case remanded for action consistent with this opinion. Carley, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur.*

DECIDED MARCH 8, 1989 —
REHEARING DENIED MARCH 29, 1989 — 

*Greer, Klosik & Daugherty, John F. Daugherty, William L. Swank II*, for appellant.
*A. Kenneth Secret, William N. Robbins*, for appellee.